United States District Court
District of Massachusetts

04 11518 NMG

FILED
CLERKS OFFICE
2004 JUL -7 A 11: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

Beverly Pine and Robert Pine,
Plaintiffs

Vs.                                C.A. No.

Jean Arruda, and
Hawthorne Country Club, Inc.,
Defendants

MAGISTRATE JUDGE _____

RECEIPT # 57057
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 7/7/04

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES AND JURISDICTION

1. Plaintiff, Beverly Pine, is a resident of Middletown, Newport County, in the State of Rhode Island.

2. Plaintiff, Robert Pine, is the husband of Beverly Pine and a resident of Middletown, Newport County, in the State of Rhode Island.

3. Defendant, Jean Arruda, is a resident of Fall River, Bristol County, Massachusetts.

4. Defendant, Hawthorne Country Club, Inc., ("Hawthorne Country Club") is a Massachusetts Corporation, operating a Country Club and Golf Course located in Bristol County, Massachusetts, with a regular place of business of 970 Tucker Road, North Dartmouth.

5. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a), on the grounds that the matter in controversy exceeds the sum or value of Seventy-Five

Thousand Dollars, exclusive of interest and costs, and is between citizens of different states.

## FACTS

6. On July 11, 2001, Beverly Pine was an invited guest of Jean Arruda at the Hawthorne Country Club on Tucker Road in North Dartmouth, Massachusetts.

7. On July 11, 2001, Jean Arruda was, on information and belief, a member of the Hawthorne Country Club.

8. The women were scheduled to play in a "member/guest" golf tournament.

9. The ladies were part of a foursome that started play on the sixth hole.

10. The tournament participants used golf carts to travel over the course that day.

11. As the foursome started to play their fourth hole the weather deteriorated and there was rain, thunder and lightning.

12. Sometime later the course siren sounded, signaling for the players to leave the course.

13. The foursome immediately proceeded back to the clubhouse to seek shelter.

14. Once at the clubhouse, Mrs. Pine's golf clubs remained upright in the back of the golf cart, exposed to the elements.

15. The covered parking area near the clubhouse was not sufficient to accommodate all of the golf carts used for the tournament.

16. Mrs. Arruda removed Mrs. Pine's clubs from the back of the golf cart and placed them across the seat of the cart.

17. As Mrs. Pine watched from the rear clubhouse entrance Mrs. Arruda got into the golf cart and drove it toward the entrance where Mrs. Pine was standing.

18. When Mrs. Arruda attempted to adjust the bag containing Mrs. Pine's clubs the golf cart accelerated forward and struck Mrs. Pine.

19. After striking Mrs. Pine the golf cart continued to run.

20. The bag of clubs was found on the front floor of the cart depressing the accelerator.

## COUNT I

### NEGLIGENCE - Jean Arruda

The Plaintiff repeats and realleges each of the foregoing paragraphs.

21. At all times relevant to the instant action, Plaintiff, Beverly Pine was exercising reasonable care to protect herself from injury, having no power to control the said golf cart.

22. It was the duty of Defendant, Jean Arruda to exercise reasonable care in operating said golf cart at that time and place.

23. Nevertheless Defendant Jean Arruda breached her aforesaid duty by negligently operating said cart.

24. Mrs. Arruda placed the golf clubs in the cart in such a manner that she negligently caused the cart to propel forward and onto Mrs. Pine, pinning her beneath the cart.

25. As a direct and proximate result of the Defendant's negligence the Plaintiff sustained serious injuries, endured extreme pain and suffering, incurred medical expenses, and otherwise suffered damages.

WHEREFORE, Plaintiff, Beverly Pine demands judgment against the Defendant for the full amount of her damages in such amount as this Court may deem proper, plus interest and costs, including attorneys fees.

## COUNT II

### NEGLIGENCE - Hawthorne Country Club

The Plaintiff repeats and realleges each of the foregoing paragraphs.

26. Defendant Hawthorne Country Club, its agents and servants, negligently and carelessly operated and maintained its facility by failing to halt the tournament play in a timely

manner and permitting play to continue after the weather became dangerous.

27. As a direct and proximate result of the Defendant's negligence the Plaintiff sustained serious injuries, endured extreme pain and suffering, incurred medical expenses, and otherwise suffered damages.

WHEREFORE, Plaintiff, Beverly Pine demands judgment against the Defendant for the full amount of her damages in such amount as this Court may deem proper, plus interest and costs, including attorneys fees.

### COUNT III

### NEGLIGENCE - Hawthorne Country Club

The Plaintiff repeats and realleges each of the foregoing paragraphs.

28. Defendant Hawthorne Country Club failed to use due care to see that its premises were reasonably safe for the intended use and conduct of a golf tournament, or to warn the Plaintiff of the dangers at that time and place.

29. Defendant, Hawthorne Country Club, its agents and servants, negligently and carelessly operated and maintained its facility by failing to secure the golf carts once they were parked.

30. As a direct and proximate result of the Defendant's negligence the Plaintiff sustained serious injuries, endured

extreme pain and suffering, incurred medical expenses, and otherwise suffered damages.

WHEREFORE, Plaintiff, Beverly Pine demands judgment against the Defendant for the full amount of her damages in such amount as this Court may deem proper, plus interest and costs, including attorneys fees.

## COUNT IV

### LOSS OF CONSORTIUM - Hawthorne Country Club

The Plaintiff repeats and realleges each of the foregoing paragraphs.

31. As the result of the negligence of the Defendant Hawthorne Country Club, Plaintiff, Robert Pine was denied the care, comfort, services and companionship of his spouse, Beverly Pine.

WHEREFORE, Plaintiff, Robert Pine demands judgment against the Defendant for the full amount of his damages in such amount as this Court may deem proper, plus interest and costs, including attorneys fees.

## COUNT V

### LOSS OF CONSORTIUM - Jean Arruda

The Plaintiff repeats and realleges each of the foregoing paragraphs.

32. As the result of the negligence of the Defendant Jean Arruda, Plaintiff, Robert Pine was denied the care, comfort, services and companionship of his spouse, Beverly Pine.

WHEREFORE, Plaintiff, Robert Pine demands judgment against the Defendant for the full amount of his damages in such amount as this Court may deem proper, plus interest and costs, including attorneys fees.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts.

Plaintiffs,
By their Attorneys,

*/s/ Karen Augeri Benson*
Karen Augeri Benson
Law Office of Alan A. Amaral
251 Bank St.
Fall River, MA 02720
508-676-0011
BBO# 628469

Dated: July 7, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Pine v. Arruda**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ✓ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   (stamp: 04-11518 NMG)

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES   **NO** ✓

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES   **NO** ✓

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES   **NO** ✓

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **YES** ✓   NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
   **EASTERN DIVISION** ✓   CENTRAL DIVISION   WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
   EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Karen Augen Benson**
ADDRESS  **251 Bank St. Fall River, MA 02720**
TELEPHONE NO.  **508-676-0011**

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Pine, Beverly
Pine, Robert

### DEFENDANTS
Arruda, Jean
Hawthorne Country Club, Inc.

(b) County of Residence of First Listed Plaintiff __Newport County, RI__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Bristol, MA__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Karen Augeri Benson
Law Offices of Alan A. Amaral
251 Bank St., Fall River, MA 02720

Attorneys (If Known)

04 11518 NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC §1332(a). Plaintiff brings action against driver of golf cart and country club after she was struck and injured by golf cart.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 7/7/04
SIGNATURE OF ATTORNEY OF RECORD
_Karen Augeri Benson_

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____