UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE and ROBERT PINE
    Plaintiffs
    Vs.

C.A.No: 04-11518 NMG

JEAN ARRUDA and HAWTHORNE COUNTRY CLUB, INC.
    Defendants

### DEFENDANT HAWTHORNE COUNTRY CLUB, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1. The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

2. The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

3. The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

4. Admitted.

5. Denied.

6. The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

7. Admitted.

8. The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

9. The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

10. The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

11. The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

12. Admitted.

571479v1

13.  The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

14.  The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

15.  The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

16.  The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

17.  The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

18.  The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

19.  The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

20.  The defendant is without sufficient information to allow him to admit or deny the allegation. To the extent a response is required: denied.

### **COUNT I – Negligence (Jean Arruda)**

The defendant repeats, reiterates and incorporates by reference each and every admission and denial as to each and every allegation contained in paragraphs 1 through 20 of the plaintiffs' complaint and with the same force and effect as if each were separately set forth herein at length.

21.  This allegation does not apply to this defendant and therefore, no response is required. To the extent a response is required: denied.

22.  This allegation does not apply to this defendant and therefore, no response is required. To the extent a response is required: denied.

23.  This allegation does not apply to this defendant and therefore, no response is required. To the extent a response is required: denied.

24.  This allegation does not apply to this defendant and therefore, no response is required. To the extent a response is required: denied.

25.  This allegation does not apply to this defendant and therefore, no response is required. To the extent a response is required: denied.

### COUNT II – Negligence (Hawthorne Country Club)

The defendant repeats, reiterates and incorporates by reference each and every admission and denial as to each and every allegation contained in paragraphs 1 through 25 of the plaintiffs' complaint and with the same force and effect as if each were separately set forth herein at length.

26. Denied.

27. Denied.

**WHEREFORE**, the defendant denies that the plaintiffs are entitled to recover in any amount and demands that the complaint be dismissed and judgment be entered in favor of the defendant for the costs and disbursements of this action.

### COUNT III - Negligence (Hawthorne Country Club)

The defendant repeats, reiterates and incorporates by reference each and every admission and denial as to each and every allegation contained in paragraphs 1 through 27 of the plaintiffs' complaint and with the same force and effect as if each were separately set forth herein at length.

28. Denied.

29. Denied.

30. Denied.

**WHEREFORE**, the defendant denies that the plaintiffs are entitled to recover in any amount and demands that the complaint be dismissed and judgment be entered in favor of the defendant for the costs and disbursements of this action.

### COUNT IV – Loss of Consortium (Hawthorne Country Club)

The defendant repeats, reiterates and incorporates by reference each and every admission and denial as to each and every allegation contained in paragraphs 1 through 30 of the plaintiffs' complaint and with the same force and effect as if each were separately set forth herein at length.

31. Denied.

**WHEREFORE**, the defendant denies that the plaintiffs are entitled to recover in any amount and demands that the complaint be dismissed and judgment be entered in favor of the defendant for the costs and disbursements of this action.

### COUNT V – Loss of Consortium (Jean Arruda)

The defendant repeats, reiterates and incorporates by reference each and every admission and denial as to each and every allegation contained in paragraphs 1 through 31 of the plaintiffs' complaint and with the same force and effect as if each were separately set forth herein at length.

32.   This allegation does not apply to this defendant and therefore, no response is required. To the extent a response is required: denied.

### FIRST AFFIRMATIVE DEFENSE

The defendant says that the complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendant says that the injury or damage complained of was caused in whole or in part by the negligence of the plaintiff, and that such negligence equaled or exceeded any negligence on the part of the defendant.

### THIRD AFFIRMATIVE DEFENSE

The defendant says that if the plaintiff sustained damages as alleged in the complaint, they were caused by acts of a third person, which acts the defendant had no reason to anticipate and of which person the defendant had no knowledge, and over whom it had no control.

### FOURTH AFFIRMATIVE DEFENSE

The defendant says that the defendant is exempt from liability to the plaintiff to the extent provided by M.G.L. Chapter 231, Section 6D, in that the reasonable and necessary expenses incurred in treating the injuries of the plaintiff did not exceed $2,000.00, nor was there the loss of a body member, any permanent and serious disfigurement, nor loss of sight or hearing.

### FIFTH AFFIRMATIVE DEFENSE

The defendant says that this action is barred by virtue of the provisions of M.G.L. Chapter 90, Section 34M and/or Section 34O, the defendant being a member of the class specifically exempted from suit by said provisions.

### SIXTH AFFIRMATIVE DEFENSE

The defendant says that this action is barred due to insufficiency of service of process.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant says that the plaintiff is barred from recovery because this action has not been brought within the time specified by the Laws of this Commonwealth.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant says that if the plaintiff was injured as alleged, the plaintiff's injuries were not caused by the agent, servant or employee of the defendant.

## NINTH AFFIRMATIVE DEFENSE

The defendant says that the plaintiff has to give the defendant notice within a reasonable time as required by statute and has failed to do so.

### JURY DEMAND

The defendants hereby demand a jury trial as to all triable issues of right and designate Lauren Motola-Davis and Michael T. Farley as trial counsel.

HAWTHORNE COUNTRY CLUB
By its Attorneys,
MORRISON MAHONEY LLP

/s/
Lauren Motola-Davis, #638561
Michael T. Farley, #640593
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

### CERTIFICATION

I hereby certify that on this ___31___ day of August, 2004 copy of the foregoing was mailed, postage prepaid, to:

Karen Augeri Benson
Law Office of Alan A. Amaral
251 Bank Street
Fall River, MA 02720
Tel: (508) 676-0011

571479v1