UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
    Plaintiffs

v.                              C.A. NO. 04-11518 NMG

JEAN ARRUDA and HAWTHORNE
COUNTRY CLUB, INC.
    Defendants

## ANSWER OF DEFENDANT, JEAN ARRUDA

Defendant, Jean Arruda (hereinafter referred to as either "this Defendant" and/or "Arruda") hereby responds to Plaintiffs' Complaint as follows:

### FIRST DEFENSE
(Separate Paragraphs and Counts of Complaint)

#### "Parties and Jurisdiction"

1-2 & 4.    This Defendant lacks information sufficient to form a belief as to the allegations of such paragraphs, thus neither admits nor denies in the same and leaves the Plaintiffs to their proof.

3.    Admitted.

5.    This paragraph contains assertions and/or conclusions of fact and/or law to which no response seems necessary, thus is to be taken as avoided or denied pursuant to 8(b) of the Federal Rules of Civil Procedure ("F.R.C.P.").

#### FACTS

6-13.    Admitted.

14. Denied.

15. This Defendant lacks information sufficient to form a belief as to the matters asserted in this paragraph, thus neither admits nor denies the same and leaves the Plaintiffs to their proof.

16. Denied.

17. Admitted.

18. Admitted, except that the golf cart accelerated forward and contacted Mrs. Pine.

19-20. Admitted.

COUNT I
(Alleged Negligence - Jean Arruda)

This Defendant restates and incorporates, by reference, her responses to each of the foregoing paragraphs of the Complaint.

21-25 Denied.

COUNT II
(Alleged Negligence - Hawthorne Country Club)

This Defendant restates and incorporates, by reference, her responses to the foregoing paragraph of the Plaintiffs' Complaint.

26-27. These paragraphs are seemingly directed to another party thus constitute paragraphs or pleadings to which no response seems necessary and shall be deemed avoided or denied in accordance with Rule 8(d) of the F.R.C.P. To the extent that any or all such paragraphs directly or indirectly imply negligence or wrongdoing on the part of this Defendant, they are denied.

## COUNT III

(Alleged Negligence - Hawthorne Country Club)

This Defendant restates and incorporates, by reference, her responses to each of the foregoing paragraphs of the Complaint.

28-30. These paragraphs are seemingly directed to another party thus constitute paragraphs or pleadings to which no response seems necessary and shall be deemed avoided or denied in accordance with Rule 8(d) of the F.R.C.P. To the extent that any or all such paragraphs directly or indirectly imply negligence or wrongdoing on the part of this Defendant, they are denied.

## COUNT IV
(Alleged Loss of Consortium - Hawthorne Country Club)

This Defendant restates and incorporates, by reference, her responses to each of the preceding paragraphs of the Complaint.

31. This paragraph is seemingly directed to another party thus constitutes a paragraph or pleading to which no response seems necessary and shall be deemed avoided or denied in accordance with Rule 8(d) of the F.R.C.P. To the extent that such paragraph directly or indirectly implies negligence or wrongdoing on the part of this Defendant, it is denied.

## COUNT V
(Alleged Loss of Consortium - Jean Arruda)

This Defendant restates and incorporates, by reference, her responses to the preceding paragraphs of the Complaint.

32. Denied.

## SECOND DEFENSE

This Defendant generally denies all parts, portions, claims, demands and allegations of the Plaintiffs' Complaint, except those designated averments that she has expressly admitted in this answer.

## THIRD DEFENSE

Plaintiffs' Complaint fails (both in its individual and its collective counts) to state a claim or cause of action against this Defendant upon which relief may be granted.

## FOURTH DEFENSE

Plaintiff, Beverly Pine, was guilty of contributory negligence, thus Plaintiffs' damages (if any) should be reduced and/or be barred in accordance with the proportionate amount of her responsibility in accordance with c.231 § 85 of the Massachusetts General Laws.

## FIFTH DEFENSE

The Plaintiffs' injuries and/or damages (if any) caused by the acts or omissions of another person or persons (hereby defined to include corporations) for whose conduct this Defendant is not responsible. Accordingly, Plaintiffs should not recover anything from this Defendant.

## SIXTH DEFENSE

Plaintiffs' claims for "attorney fees" are barred in that there exists no statutory or contractual basis for their award in this action.

## SEVENTH DEFENSE

This Defendant reserves to assert such further motions, pleas, defenses, and/or set-offs as may be currently unknown to her, yet which may appear during the course of discovery, trial or otherwise.

WHEREFORE, this Defendant demands judgment against the Plaintiffs, together with costs and a trial, by jury.

        Jean Arruda
        By her Attorney,

        _____
        John B. Reilly, Esq. (BBO #545576)
        John Reilly & Associates
        300 Centerville Road
        Summit West - Suite 330
        Warwick, Rhode Island 02886
        (401) 739-1800
        Fax: (401) 738-0258

## CERTIFICATION

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Lauren Motola-Davis, Esq.**, Morrison Mahone, LLP, 121 South Main Street, Suite 600, Providence, Rhode Island 02903 and **Karen Augeri Benson, Esq.**, Law Offices of Alan A. Amaral, 251 Bank Street, Fall River, Massachusetts 02720 this 16th day of August, 2004.

_____