UNITED STATES DISTRICT COURT
STATE OF MASSACHUSETTS

Beverly Pine and Robert Pine :
Plaintiffs :
:
Vs. : C.A. No. 04 11518NMG
:
Jean Arruda, and :
Hawthorne Country Club, Inc. :
Defendants :

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I.  INTRODUCTION

This matter was filed in July of 2004. Since that time, the parties have undertaken discovery. On or about November 17, 2004, the Plaintiffs served a Request for Production of Documents and Interrogatories on the Defendant, Jean Arruda. The Plaintiff then conducted the Deposition of Jean Arruda on June 27, 2005. Defendant, Jean Arruda, had also previously responded to Plaintiff's Request for Production of Documents, and in so doing, specifically objected to providing any statements signed or unsigned whether recorded by mechanical or electronic means made by Jean Arruda and/or Hawthorne Country Club.

II.  HISTORY PRIOR TO FILING OF COMPLAINT

Plaintiff's Counsel engaged in multiple telephone conversations with Peggy Pavone, senior claims representative for National Grange Mutual Insurance Company, the insurer for Defendant Jean Arruda. In a conversation on December 6, 2001, the claims representative advised that she had a statement from Mrs. Arruda. On three separate occasions, between September and

December of 2001, Ms. Pavone indicated to Plaintiff's Counsel that the Insurer would probably accept liability. See, Affidavit attached hereto as Exhibit A.

III.   LEGAL ARGUMENT

A.   **Fed.R.Civ.P. 26(b)(3) allows for the discovery of Defendant's statement(s).**

Cases interpreting the rule including, Savoy v. Richard A. Carrier Trucking, Inc. 176 F.R.D. 10 (D. Mass. 1997) and City of Springfield v. Rexnord Corp. 196 F.D.R. 7 (D. Mass. 2000) support this contention.

Although documents prepared anticipation of litigation are customarily considered to be protected attorney work product, Massachusetts Federal Courts have allowed their discovery upon a showing that the party seeking the discovery has a substantial need of the materials in the preparation of her case. For such records to be discoverable the party seeking discovery must show that she is unable, without undo hardship, to obtain the substantial equivalent of the material by other means.

In the instant case, there is no substantial equivalent of a statement taken shortly after the incident. In Savoy v. Richard A. Carrier Trucking, Inc., the Court held that statements taken at the time of the incident are "unique in that they provide an immediate impression of the facts", and a lapse of time itself, may make it impossible to obtain the substantial equivalent of the material sought. In this case four years have elapsed since the event.

Defendant's recollection of the facts has changed since July 11, 2001. In a report made by the Emergency Room treatment staff at St. Luke's Hospital in New Bedford minutes after the incident, Defendant, Jean Arruda indicated that <u>she</u> moved the golf clubs. See, Exhibit B attached, which provides a narrative of Defendant, Jean Arruda. This record was produced at the time of Defendant's deposition on June 27, 2005.

Conversely, in her Answers to Interrogatories, Defendant, Jean Arruda, states that Beverly Pine placed the clubs in the golf cart. (See, Defendant's Answers to Interrogatories, #2, paragraph 2.) Who placed the clubs in the golf cart, where they were placed and how they were positioned just prior to this incident is critical to Plaintiff's case. Defendant's statement, taken just a few months after the events, provides the most accurate and complete version of what transpired. This is particularly true, where, as here, there are no other known witnesses to the events.

Plaintiff has a substantial need for Defendant, Jean Arruda's statement. Substantial need may be shown, for example, when statements have been taken from parties or witnesses at the time of the incident. See, <u>Tiernan v. Westext Transp., Inc.</u> 46 F.R.D. 3, 3-4 (D.R.I. 1969). When, as here, there is a significant lapse of time between the events and the subsequent discovery, Plaintiff is virtually unable to obtain any equivalent of the material sought. Defendant's present memory is hardly as acute as her memory shortly after the incident. The statements provide a more contemporaneous impression of the facts. These

3

underlying facts are not sheltered by privilege. *City of Springfield v. Rexnord Corp.*, 196 F.R.D. at 8, citing *Upjohn Co. v. U.S.*, 449 U.S. 383 (1981).

Insofar as it reflects a contemporaneous impression of the facts it is virtually impossible for Plaintiff to obtain the substantial equivalent of this information without undo hardship, given the lapse of time.

**B. The Defendant's statements are not privileged work product or made in anticipation of litigation.**

The burden is on the party resisting discovery to demonstrate that the materials sought are indeed work product and within the scope of the Rule. See, *Colonial Gas Co. v. Aetna Cas. & Sur. Co.*, 144 F.R.D. 600, 605 (D. Mass. 1992).

Here there is no evidence that the statement was even made in anticipation of litigation. The insurance adjuster repeatedly stated that liability was not an issue. There is no evidence that there was counsel involved in the investigation. A witness statement taken by an insurance investigator is not *ipso facto* work product. This District uses a case by case analysis to determine whether "in light of the nature of the document and the factual situation in the particular case the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.*

Documents prepared by an insurance investigator are unprotected. *Sham v. Hyannis House Hotel, Inc.*, 118 F.R.D. 24, 25 (D. Mass. 1987). The attorney-client privilege protects from disclosure communications made in confidence to members of the bar, acting in their capacity as such for the purpose of obtaining

4

legal advice or representation. *Carpenter v. Mass. Inst. Of Tec*. Mass. Superior Court # 032660, (Decided 5/17/05), citing *Matter of John Doe Grand Jury Investigation*, 408 Mass. 480, 481-83 (1990). Attorney-client privilege only applies where (1) legal advice is sought, (2) from a professional legal adviser acting in his capacity as such. See, e.g. *U.S. v. Mass. Inst of Technology*, 129 F.3rd 681, 684 (1997). There is no evidence that Mrs. Arruda was seeking legal advice when she made her statement. Where, as here, a defendant's adjuster obtains statements as part of an independent investigation no privilege applies to the communication.

IV.   CONCLUSION

For all of the above reasons your movant respectfully requests that Defendant be ordered to produce the documents for *in camera* review. Upon production the Court can evaluate whether counsel was involved and if any privilege or work product doctrine applies. Absent evidence of either work product or privilege the documents should be disclosed.

Respectfully Submitted,

*/s/ Karen Augeri Benson*
Karen Augeri Benson
Law Office of Alan A. Amaral
251 Bank Street
Fall River, MA 02720
TEL: (508) 676-0011
BBO #628469

Dated:  September 12, 2005

5