# Exhibit "D"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
   Plaintiffs

V.               C.A. NO. 04- 11518 NMG

JEAN ARRUDA and HAWTHORNE
COUNTRY CLUB, INC.
   Defendants

## ANSWER OF BEVERLY PINE TO FIRST SET OF INTERROGATORIES OF DEFENDANT, HAWTHORNE COUNTY CLUB, INC.

Plaintiff, Beverly Pine responds to the Defendant Interrogatories as follows:

## GENERAL OBJECTIONS

The following general objections are applicable to and are hereby incorporated by reference into each specific response to an individual interrogatory, reflecting that this Plaintiff:

A. Objections to the Interrogatories to the extent that they call for information which is protected from discovery by the attorney/client privilege; attorney work-product doctrine; by Rule 26(b)(3) of the Rules of Civil Procedure ("RCP"); any other applicable privilege or doctrine, or is otherwise outside the scope of RCP 26. To the extent that any such information is or may be divulged in response to the Interrogatories, the divulging of any such information is inadvertent and is not to be deemed a waiver of the privileged in question, or any other applicable privilege with respect to the divulged information or any other information.

B. Objects to the Interrogatories to the extent that they seek information which is available from public records and thus, equally as available to any party; already in the possession of the interrogating party, or that can be derived or ascertained from public records.

C. Reserves the right to supplement, modify, or add to any answer to the Interrogatories, but does not hereby undertake to do so except to the extent required by RCP 26(e) and 33.

D. Objects to any Interrogatories to the extent that they create burdens beyond those specifically recognized by the RCP.

E. Objects to divulging any information falling within on the general objections set forth above or specific objections set forth below. To the extent that any such information is or may be divulged in response to the Interrogatories, the divulging of such information is inadvertent and is not to be deemed a waiver of the objection in question, or any other objection. Moreover, any

2

answers and objections to the Interrogatories are being provided without waiver or prejudice to the right, at any time, to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the Interrogatories, or (b) statements made in response and/or objections.

F.    Reserves the right, at any time, to raise further objections to these questions and/or any further demand for discovery involving or relating to the matters raised in these objections.

G.    Each of the foregoing General Objections is restated and incorporated, by reference, in each specific answer that follows.

## INTERROGATORIES

Interrogatory #1.    Please identify yourself, and any individual giving assistance in answering these interrogatories by stating: name, present address, date of birth, age social security number, occupation, and name and address of present employer.

ANSWER:  Beverly Janet Pine, f/k/a Beverly Bush, f/k/a Beverly Bush Pine, f/k/a Beverly Violet. Born: August 12, 1932; 25 Reardon Drive, Middletown, Rhode Island 02842; Retired Hair Dresser.

Interrogatory #2.    Please state the date, time and where on the premises your alleged accident occurred, stating in your answer measurements and distances to fixed objects so that the locus of the accident may be identified.

ANSWER:   On July 11, 2001, 1 was invited to play golf in a member guest tournament at Hawthorn Country Club in North Dartmouth, Massachusetts. A member of that golf club, Jean Arruda, had invited me. She had taken care of all the expenses of that tournament. She said to be there at 7:00 am. Our tee time was for 8:00 am and we would have time for coffee. It was to be a gala event with a luncheon and prizes. Jean said the course was in great shape with very steep hills.

We started on the 6th hole because it was a shotgun start there were players on every hole. We made a pit stop at the club house after playing three holes then returned to the course to resume play, while playing the next hole the weather started to change. The course siren sounded for everyone to vacate the course because of the thunder and lightning. Our foursome then proceeded to go back to the clubhouse for shelter. We were on the lower level where the coffee and pastries were served. I went to the locker room and could see the women members had put there bags inside getting them ready to put in their lockers, being club members that is where they would put their clubs.

Upon leaving the locker room, I then saw Jean, she told me that it was starting to rain heavy and that she was going to bring my clubs closer to the club house where there was an over hanging roof protecting the entrance of the club house. She felt the bag would not get so wet if they were there. I told her that I would go with her to help but she said "no no, I would take care of it". She had left to get the cart; I then started after her but to my surprise she had already

gotten into the cart and was driving it towards the entrance of the club. When approaching her, I saw the clubs laying flat across the seat of the cart. I was standing in front of the cart. Jean then started to walk towards me. Jean then said something like wait a minute, I think I can get them just a little better. She then stepped onto the cart by the driver's side, reached for the bag of clubs to pull them a little closer to the dryer side of the cart closer to the club house. All at once the golf cart leaped forward with tremendous force. I screamed something like Jean the cart is hitting me. I could not hold the cart back. Then I heard Jean screaming. At this time, I could feel the cart over me and crushing my shoulder.

<u>Interrogatory #3.</u>    Please state what, if anything you had in your hands at the time of the alleged accident.

    ANSWER:  I had nothing in my hands.

<u>Interrogatory #4.</u>    Please describe the golf cart with references to any numbers printed on thereon.

    ANSWER:  The golf cart was two passenger, with a roof cover over a bench seat, and rear strap storage for two golf bags.

<u>Interrogatory #5.</u>    Please describe how your alleged accident occurred stating what you saw, what you heard, and what happened in the order in which the events took place.

    ANSWER:    Please see answer to Interrogatory #2.

In addition, when I got run over by the golf cart I prayed, I thought I was going to die. I could not move, then I felt the cart being lifted off me. I then remember the girls being around me putting something over me to shelter me from the rain. I remember the men fi7om the rescue saying, "Hey, we better get her off the wet ground, the lightning is very close." I remember them cutting off my clothes and not really caring about them doing that. I just wanted to get out of the rain and to safety. The rescue then transported me to the nearest hospital, St. Luke's Hospital in New Bedford, Massachusetts.

<u>Interrogatory #6.</u>    Please state whether any person caused something to strike the golf cart's accelerator pedal immediately prior to your accident. If you answer please identify the name of the person who caused the thing to strike the accelerator and identify the thing which struck the accelerator.

    ANSWER:    Please see answer to Interrogatories #2 and #5.

Additionally, while I could not see the golf carts accelerator pedal immediately prior to being run over. I know that Jean Arruda pulled the bag of clubs across the seat of the golf cart. I later learned that when the cart was found the bag was on the gas pedal.

<u>Interrogatory #7.</u>    If you claim your alleged accident was due to a defect in the premises, please state:

      a.      where on the premises this defective condition existed, stating in your answer measurements and distances to fixed objects so that the locus may be identified;
      b.      information about the defective condition as to size, shape, depth, color, etc.;
      c.      how long to your knowledge the defective condition existed prior to the happening of the alleged accident;
      d.      when you first observed the defective condition prior to your accident; and,
      e.      how each such contended defect, dangerous or harmful condition caused or contributed to the incident alleged.

Objection. I object to this request to the extent that it seeks documents or other materials which were prepared in anticipation of litigation or for trial. I further object to this request because the discovery sought is obtainable from Defendant, Hawthorne Country Club, or some other source that is more convenient, less burdensome, or less expensive. Finally I object to this request to the extent that it exceeds the scope of permissible discovery regarding experts.

<u>Interrogatory #8.</u>   If you claim your alleged accident was due to the negligence of any person or entity (besides Hawthorne Country Club), please state:

      a.      the name and address of all persons or entities;
      b.      the specific action (or omission) which you claim amounted to negligence.

ANSWER: Jean Arruda, 179 Hathaway Commons Road, Fall River, Massachusetts 02720.

      b.  Placing the golf clubs in the front of the cart.

<u>Interrogatory #9.</u>   Please state whether you had used the golf cart in which you were allegedly injured at any time prior to your injuring yourself, and if so, please state when and the number of times you had used that golf cart previously.

ANSWER: No. I had never used the golf cart before.

<u>Interrogatory #10</u>.   Please describe fully and in detail all injuries suffered by the you as a result of the incident described in your complaint.

ANSWER: Rescue then transported me to the nearest hospital, St. Luke's Hospital in New Bedford, Massachusetts.

I remember the hospital being real busy and I was laying on the hospital gurney for a long time with no one attending to my needs. Then, finally, the hospital surgeon came to stitch my leg. They had to use three layers of stitching because it was cut down to the bone. I was shocked when they removed the tourniquet and say what had happened. I remember Jean at the hospital. I was x-rayed and treated for a hole in my thigh, broken ribs, broken clavicle and a

5

bruise to the side of my head. I remained at St. Luke's Hospital for three days. While at St. Luke's, I remember asking for ice chips and never getting any. I was not at all comfortable at the hospital and suffered a good deal for those three days I was at St. Luke's.

Interrogatory #11.   Please state the name and address of all medical providers with whom you treated or consulted as a result of your alleged injuries, including dates of all visits, treatments or consultations.

>ANSWER:

>>St. Luke's Hospital, New Bedford, Massachusetts; Newport Hospital, Newport, Rhode Island; University Orthopedics, Newport, Rhode Island Lahey Clinic, LCF Foundation, Inc., 41 Mall Road, Box 541, Burlington, Massachusetts 01805-00002; Orest Zaklynsky, M.D., Newport Hospital, Newport, Rhode Island; Dr. Ferguson, University Orthopedics, Newport, Rhode Island; Dr. Wilk, Lahey Clinic, LCF Foundation, Inc. 41 Mall Road, Box 541, Burlington, Massachusetts; Visiting Nurses Services.

Interrogatory #12.  Please state whether you are now suffering as a result of the alleged incident and whether you suffered any permanent injury as a result of said accident and if so, describe in detail.

>ANSWER:  I continued to suffer the results and effects from my injuries of July 11, 2001.  Most recently for example, I received a small cut on my toe. Because I have nerve damage and a numb toe on my right foot, the injury was not apparent to me. It became severely infected and I was placed on antibiotics for approximately ten (10) days. The place on my leg also became sore, swollen and inflamed.

Interrogatory #13.  Please state whether you had any accidents, illnesses, or hospitalizations within ten years prior to the alleged accident or subsequent to the date of said incident and include the name of all hospitals, where you were treated for said conditions.

>ANSWER:  I have a thyroid condition and the early stages of Parkinson's Disease. Treating with Dr. Friedman, Pawtucket Memorial Hospital, Pawtucket, Rhode Island.

Interrogatory #14.  Please list the dates that you were confined to bed and the dates which you were confined to your house as a result of the injuries suffered in the alleged accident.

>ANSWER: I was totally disabled from July 11, 2001 through February 1, 2002. 1 was partially disabled from February 2, 2002 through April 16, 2004.

Interrogatory #15.  If you were employed at the time of the accident described in your complaint, please state:

>a.   the name and address of your employer;
>b.   your average weekly salary or income;

    c.    the dates between which you were (partially or completely) incapacitated from work as a result of injuries suffered.

    ANSWER:   Not applicable. Retired hairdresser. Homemaker

<u>Interrogatory #16</u>.   Please itemize all medical expenses incurred by you or on your behalf as a result of the alleged accident, including name of medical provider, dates of treatment and charges.

    ANSWER:

| **DATE** | **DESCRIPTION** | **AMOUNT** |
|---|---|---|
| 07/30/01 | Southcoast Hospitals Group | $4,302.03 |
| 08/31/01 | Orest Zaklynsky, M.D. - medical rpt<br>Bills | $3,525.00 |
| 07/15/01 | Newport Hosp - 7/15 - 7/18/01 | |
| 07/15/01 | Newport Hosp - Dr. Zaklynsky consult<br>and office notes of 8/15/01 - 8/17/01 | |
| 04/23/01<br>10/17/01 | Medical bills - London Health and Dr. Ferguson<br>(08/01/01 - 10/17/01) | |
| 12/06/01 | University Orthopedics medical bills<br>(Dr. Ferguson) treatment dates<br>07/15/01 - 11/21/01 | $1,745.00 |
| 07/15/01 | Dr. Ferguson surgical treatment<br>(07/15/01) | |
| 1/10/03 | Lahey Clinic (9 pages)<br>Dr. Wilk's Operative Report<br>(7/31/02 - 8/5/02)<br><br>Lahey Clinic Bills<br>(5/31/02 - 10/25/02) | $3,785.00 |
| **DATE** | **DESCRIPTION** | **AMOUNT** |
| 9/14/03 | Lahey Clinic (17 pages)<br>Dr. Wilk's chart notes<br>(5/31/02 - 9/10/02) | |

7

| | | |
|---|---|---|
| 10/23/03 | Lahey Clinic<br>Dr. Wilk's Narrative Report | |
| 7/13/01 | St. Luke's Hospital<br>Treatment Record<br>Admitted: 7/11/01 | |
| 7/11/01 | London Health Administration | $897.00 |
| 1/15/04 | University Orthopedics Physical Therapy<br>Records & Bills | |
| 7/11/01 | Stat Ambulance Services Report | |
| 6/13/04 | London Health Administrators (Lien) | $6,027.27 |
| | Medicare Payments | $ 393.90 |
| 9/30/02 | Visiting Nurse Services | 1,033.00 |

<u>Interrogatory #17</u>.  Please state the name and address of all persons known to you or your attorney who witnessed the incident alleged in your complaint.

     ANSWER:  As far as I know, only Jean Arruda and myself witnessed the golf cart running over me.

<u>Interrogatory #18</u>. Have you, or anyone acting on your behalf, obtained any written or recorded statements from any witness having knowledge or information regarding the incident alleged in your Complaint, and if so, please state:

    a.    the name and address of the person giving any such statement;
    b.    the name and address of the person who obtained any such statement;
    c.    the date any such statement was made or obtained; and
    d.    the name and address of the person who has possession or custody of the
         statement.

     Objection. I object to this request to the attorney/client's privilege which seeks documents or other materials which were prepared in anticipation of litigation or for trial. Furthermore, I object because responding to this Interrogatory would require disclosure of the "Mental impressions, conclusions, opinions, or legal theories discussed between Attorney and Client.

<u>Interrogatory #19</u>.  Please give the name and present address of each person whom you or your attorneys expect to call as an expert witness at trial.

8

Objection. Plaintiff objects to the request to the extent that it exceeds to scope of permissible discovery regarding experts pursuant to Fed. R. Civ. P Rules 26(b)(6)(4) and 26(a)(2). Notwithstanding this objection, your Plaintiff responds that she intends to call her treating physicians to testify with regard their respective areas of expertise and her treatment. Beverly Pine expressly reserves her right to supplement this response without waiving the above objection.

Interrogatory #20. With respect to each expert listed in your answer to the preceding interrogatory, please state:

   a.  the subject matter on which each such expert is expected to testify;
   b.  the substance of the facts and opinions to which each such expert is expected to testify; and
   c.  a summary of the grounds for each such opinion of each such expert witness.

Objection. Plaintiff objects to the request to the extent that it exceeds to scope of permissible discovery regarding experts pursuant to Fed. R. Civ, P Rules 26(b)(6)(4) and 26(a)(2). Notwithstanding this objection, your Plaintiff responds that she intends to call her treating physicians to testify with regard their respective areas of expertise and her treatment. Beverly Pine expressly reserves her right to supplement this response without waiving the above objection.

Interrogatory #21. Please state whether you have ever been known by any name other than the name by which you are identified in your complaint, and if so, please state all such other names by which you have been known.

   ANSWER:   I was formerly known as Beverly Bush, Beverly Bush Pine, Beverly Violet.

Interrogatory #22. Please describe each and every instance in which you have been convicted of a felony in the last 10 years or a misdemeanor in the last 5 years, by providing the following information:

   a.  the nature of each offense;
   b.  the Court where each offense was pending;
   c.  the date of each conviction;
   d.  the date of any appeals of such convictions; and
   e.  amount of time served in a penal institution, if any.

   ANSWER:   I have never been convicted of a felony.

Interrogatory #23. If you have ever been a plaintiff in a civil lawsuit alleging personal injuries, please provide the following information concerning each prior lawsuit:

   a.  names of parties;

9

      b.      Court and docket number;
      c.      nature of injuries alleged; and
      d.      manner in which case was resolved.

ANSWER: I have been the plaintiff in a lawsuit alleging personal injury. I was shopping in a small shopping plaza on the comer of East Main Road and Valley Road. The cart I was pushing hit a pothole and I hurt my knee. It was so long ago, I do not remember the name of the shop. The Attorney who handled this matter for me has long since deceased.

<u>Interrogatory #24.</u> If you have ever made a claim against an insurance company for personal injuries, please state for each prior claim:

      a.      the name of the insurance company;
      b.      the date of the claim;
      c.      nature of injuries alleged; and
      d.      manner in which claim was resolved.

ANSWER: Please see Answer to number 23. I am not even sure if an insurance company was involved.

<u>Interrogatory #25.</u> Please state whether you, your attorneys or anyone acting on your behalf had any conversation with any person whom you understand to be employed by, or acting on behalf of the defendant, Hawthorne Country Club, or any other defendant, at any time following the incident alleged in your complaint.

Objection. I object to this request to the attorney/client's privilege which seeks documents or other materials which were prepared in anticipation of litigation or for trial. Furthermore, I object because responding to this Interrogatory would require disclosure of the "Mental impressions, conclusions, opinions, or legal theories discussed between Attorney and Client.

<u>Interrogatory #26.</u> Please state for each such conversation identified in your answer to the preceding Interrogatory:

      a.      the date and time of each conversation;
      b.      where each conversation took place;
      c.      whether the conversation was in person or by telephone; and
      d.      in as much detail as you can recall, what was said and by whom.

Objection. I object to this request to the attorney/client's privilege which seeks documents or other materials which were prepared in anticipation of litigation or for trial. Furthermore, I object because responding to this Interrogatory would require disclosure of the "Mental impressions, conclusions, opinions, or legal theories discussed between Attorney and Client.

                                                                         Plaintiff,

        Beverly PINE

        /s/ Beverly Pine
        Beverly Pine

AS TO OBJECTIONS:

        /s/ Karen Augeri Benson
        Karen Augeri Benson #628469
        Law Office of Alan A. Amaral
        251 Bank Street
        Fall River, MA 02720
        TEL: (508) 676-0011

Dated: July_, 2005

## CERTIFICATION

I, Karen Augeri Benson hereby certify that on this 23rd of August, 2005 copy of the foregoing Answers to Interrogatories was mailed, postage prepaid/faxed/hand delivered to:

Lauren Motola-Davis,
Michael T. Farley,
121 South Main Street, Suite 600
Providence, RI 02903

John Reilly, Esquire
JOHN REILLY & ASSOCIATES
Summit West - Suite 330
300 Centerville Road
Warwick, RI 02886

        /s/ Karen Augeri Benson