# Exhibit "G"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE AND ROBERT PINE
    Plaintiffs

v.                                            C.A. NO. 04-11518 NMG

JEAN ARRUDA AND HAWTHORNE
COUNTRY CLUB, INC.
    Defendants

## AFFIDAVIT OF PEGGY-ANN PAVONE
## REGARDING PLAINTIFF'S MOTION TO COMPEL

I, Peggy-Ann Pavone, do hereby depose and state as follows:

1. I am a Senior Claim Representative with the National Grange Mutual Insurance Company ("NGM") and was acting in that capacity during the period of time from September 25, 2001 through January 10, 2002.

2. During the aforementioned period of time, I was the NGM representative responsible for handling the claims presented by the Plainitffs, Beverly Pine and Robert Pine. In doing so, I had several conversations with their attorney (Karen Augeri-Benson) ("Ms. Benson") and we also exchanged some written correspondence.

3. I have read the affidavit submitted by Ms. Benson in relation to her Motion to Compel the Production of a copy of the transcript of the recorded statement of Jean Arruda.

4. I spoke with Ms. Benson about Mrs. Pine's injuries, medical treatment and our investigation activities during the months of September, November and December, 2001. At no time during any of those conversations did I indicate that NGM would

"probably accept liability", nor that "there would not be a problem with liability", nor that "the matter would settle without the necessity of litigation".

5. Liability was always a question in this matter, not only with respect to the incident itself but also with respect to any responsibility of the Hawthorne Country Club and the golf cart manufacturer. Therefore, I placed them on notice of potential contribution claims.

6. Given the rather bizarre circumstances involved, it was clear to me by the end of 2001 that litigation was a distinct possibility.

7. I took a recorded interview of Ms. Arruda on January 10, 2002, with the foregoing in mind.

8. It is my belief and NGM's contention that the statement in question was taken in anticipation of litigation.

9. This affidavit has been prepared with the assistance of Ms. Arruda's attorney, it does not include all information that I have about this matter as furnishing of this Affidavit is not intended to waive any other work product rights and privileges that NGM and its insured may have in connection with this matter.

Signed under the pains and penalties of perjury this 18th day of October, 2005.

    /s/ Peggy-Ann Pavone
    Peggy-Ann Pavone
    Senior Claim Representative