# Exhibit "I"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE AND ROBERT PINE
    Plaintiffs

v.                                      C.A. NO. 04-11518 NMG

JEAN ARRUDA AND HAWTHORNE
COUNTRY CLUB, INC.
    Defendants

## AFFIDAVIT OF JOHN B. REILLY
## REGARDING PLAINTIFFS' MOTION TO COMPEL

John B. Reilly, do hereby depose and state as follows:

1. I am attorney of record for Defendant, Jean Arruda, and have personal knowledge of the matters set forth in this Affidavit.

2. I have on several occasions discussed and responded to requests from Attorney Karen Augeri-Benson concerning the production of the statement given by Jean Arruda to her insurer, the National Grange Mutual Insurance Company ("NGM").

3. I have received and reviewed Ms. Benson's Affidavit of September 12, 2005, submitted in connection with a Motion to Compel Production of Documents of a statement taken by NGM from Jean Arruda ("the Benson Affidavit").

4. The Benson Affidavit indicates that there was "every indication that the matter would settle without the necessity of litigation" and that NGM "would probably accept liability or that there would not be a problem with liability".

5. These assertions were <u>never</u> mentioned in the course of several discussions and/or in any correspondence with the undersigned prior to the filing of the Motion and Benson Affidavit.

6.	A review of the records relevant to this Motion indicate that NGM took a recorded interview of Ms. Arruda on January 10, 2002, not by December 6, 2001 as suggested in the Benson Affidavit.

7.	My representation of Ms. Arruda began after litigation was commenced in this case, but it has always been my understanding that liability was (and is) indeed an issue in this case.

Signed under the pains and penalties of perjury this 18th day of October, 2005.

/s/ John B. Reilly
John B. Reilly, Esq.