UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE and ROBERT PINE
    Plaintiffs
    Vs.                                                    1:04-cv-11518-NMG

JEAN ARRUDA and HAWTHORNE COUNTRY CLUB, INC.
    Defendants

## DEFENDANT, HAWTHORNE COUNTRY CLUB, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PRECLUDE PLAINTIFF FROM BRINGING EXPERT TESTIMONY ON LIABILITY OR CAUSATION ISSUES

Now comes the defendant and moves this court to preclude the plaintiff from introducing any expert testimony on liability or causation issues, as the deadline for such disclosure has passed.

**I.**     **Factual Background**

Plaintiff, Beverly Pine was injured when struck by a golf cart at the Hawthorne Country Club. The accident occurred during a tournament at co-defendant Hawthorne Country Club, where she was a guest of co-defendant member Jeanne Arruda.

Shortly after the tournament began, it was interrupted when rain or lightning halted play. The players, including Mrs. Pine and Mrs. Arruda, returned to the clubhouse on golf carts to wait for play to resume.

Once inside the clubhouse, Mrs. Pine consumed some pastry provided by the club. Some time thereafter, Mrs. Pine and Mrs. Arruda had a discussion about retrieving or covering Mrs. Pine's golf clubs, which had been left outside with the golf cart.

Mrs. Arruda went outside to deal with Mrs. Pine's golf clubs, followed by Mrs. Pine who waited near the door of the clubhouse.

At this point, the precipitating cause of the accident is unclear, but it appears that either Mrs. Arruda caused the cart to drive forward by striking the cart's accelerator pedal with her foot, or Mrs. Pine's golf clubs fell onto the cart's accelerator pedal, causing the cart to drive forward.

In any event, the cart drove forward, toward Mrs. Pine, knocking her to the ground. It proceeded to roll over Mrs. Pine, trapping her beneath it. She was immediately assisted by Mrs. Arruda, who helped to remove the golf cart. Mrs. Pine was thereafter transported to the hospital via ambulance.

## II.   Procedural Background

Plaintiff alleges negligence on the part of her golf partner, co-defendant Jeanne Arruda (Count I).

Plaintiff also alleges negligence on the part of the golf course for 1) "failing to halt the tournament play in a timely manner and permitting play to continue after the weather became dangerous" (Count II); and 2) "failing to secure the golf carts once they were parked" (Count III)[1]

On December 9, 2004, the Court set forth deadlines for Expert Discovery Disclosures in its Scheduling Order. The order provides:

> [I]t is hereby ordered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F) that:
> \*\*\*
> (4) [A]ll trial experts by plaintiff are to be designated and disclosure of information contemplated by FRCP, Rule 26 (a)(2) by 10/14/05 . . .

See Scheduling Order, attached as Exhibit A.

---

[1] In addition to these two claims, plaintiff's husband makes a claim for loss of consortium against both co-defendants (Counts IV and V).

On October 14, 2005, the plaintiff disclosed a single expert, Richard M. Wilk, M.D. Dr. Wilk is a medical expert, expected to testify as to the nature of plaintiff's injury. No other expert was disclosed or designated.

III.  Argument

The plaintiff should be precluded from offering a liability or causation expert because she failed to meet the deadlines set forth in the scheduling order. The Order expressly states that all expert witnesses were to be designated and disclosed by October 14, 2005. The deadline has since passed.

Rule 26(a)(2)(C) provides:

> These disclosures shall be made at the times and in the sequence directed by the court. . .

Fed. R. Civ. P. 26(a)(2)(C) (emphasis added).

Failure to make expert disclosures in accordance with Rule 26 precludes the testimony of the expert witness. See Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Veneficiencia de Puerto Rico, 248 F.3d 29 (1st Cir. 2001). Such a sanction is "automatic and mandatory" unless the non-complying party can demonstrate that the failure was justified or harmless. Jacobsen v. Deseret Book Co., 287 F.3d 936, 952-53 (10th Cir. 2002), *cert. denied,* 537 U.S. 1066, 123 S.Ct. 623, 154 L.Ed.2d 555 (2002). Plaintiff ought not be permitted to ignore this rule.

IV.  **Conclusion**

For the forgoing reasons, plaintiff should be precluded from introducing expert testimony on issues related to liability or causation.

We therefore ask the court for the following:

>(a) an order precluding the plaintiff from introducing testimony from any expert witness as to liability;

(b) and any other relief that this court deems necessary; and in the alternative,

(c) if the court is not inclined to preclude this testimony, we respectfully ask for an order extending the time for providing defense expert witnesses until thirty days after the entry of an order denying this motion.

> Respectfully Submitted,
> By Defendant,
> Hawthorne Country Club, Inc.
> By their attorneys,
> MORRISON MAHONEY LLP
>
> _____
> Lauren Motola-Davis, #638561
> Michael T. Farley, #640593
> 121 South Main Street, Suite 600
> Providence, RI 02903
> Tel: (401) 331 4660
> Fax: (401) 351 4420

## CERTIFICATION

I hereby certify that on this ___8th___ day of __November__, 2005 copy of the foregoing was mailed, postage prepaid, to:

Karen Augeri Benson, Esquire
Law Office of Alan A. Amaral
251 Bank Street
Fall River, MA  02720

Christopher Perruzzi, Esquire
Coletti, Murray, Perruzzi & O'Connor, LLC
1495 Hancock Street, Ste 302
Quincy, MA  02169
(617) 657-0575

John B. Reilly, Esquire
John Reilly & Associates
300 Centerville Road
Summit West – Suite 330
Warwick, RI  02886

_____
Jennifer Miller