UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEVERLY PINE and ROBERT PINE, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) |
| JEAN ARRUDA and HAWTHORNE COUNTRY CLUB, INC., | ) ) ) ) |
| Defendants | ) |

### Plaintiffs Objection to Defendant Hawthorn Country Club's Motion to Preclude Expert Testimony on Liability or Causation

Now come the Plaintiffs, Beverly Pine and Robert Pine, by and through Counsel, and pursuant to Rules 37 and 6(b)(2), hereby object to Defendant's Motion to Preclude Expert Testimony on Liability or Causation. As reasons therefore your Plaintiffs rely on the attached Memorandum of Law, Exhibit(s) and such further and other argument as Counsel may present at Hearing on this matter.

I.   Facts:

This is a personal injury claim arising out of injuries sustained by Plaintiff, Beverly Pine, when she was run over by a golf cart while attending a ladies golf tournament. Mrs. Pine was at the Hawthorn Country Club, as a guest of Jean Arruda, on July 11 2001. This matter is the subject of a Court Scheduling Order issued subsequent to a Scheduling Conference conducted on December 9, 2004.

II   Argument:

Plaintiffs made a timely and good faith, disclosure of their anticipated experts on October 14, 2005, as required by the Scheduling Order. Defendants, Hawthorn Country Club (hereinafter "HCC") made no objections to the disclosure. Defendant HCC's Counsel did not contact Plaintiff's Counsel to advise that the discovery disclosure was in any way objectionable or incomplete, as required by Rule 37(a)(2). Counsel for Jean Arruda(hereinafter "Arruda"), did correspond with Plaintiff's Counsel to indicate that the disclosure for one expert failed to include the certain limited information. Such information was promptly provided.

Plaintiff's timely disclosure specifically stated that it would require supplementation. See, Exhibit A, Plaintiff's Disclosure. The Defendants were, thus, placed on notice as to Plaintiffs intention to make additional Expert Witness disclosures within the schedule ordered by the Court. Defendants were provided with the specific reasons for the need to supplement. An example of Plaintiffs need to supplement is that one of Plaintiffs experts had relocated to Colorado. The discovery of the unavailability of experts and the short delay in determining the identity of the appropriate experts is more specifically set forth in Plaintiff's Motion to Extend Scheduling Order, filed with the Court on November 10, 2005.

There is no prejudice to the Defendants under these circumstances. The instant matter is wholly unlike the situation in Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Veneficiencia de PR., 248 F.3d 29 (1st Cir. 2001). The discovery of the Plaintiffs non disclosure is not on the day of trial, as was the case in Ortiz. Id. @ p.   . The discovery of the Plaintiffs non-disclosure is prior to the Defendant's own reciprocal disclosure date and far in advance of any

2

anticipated trial date. In fact, the moving party has only recently provided long over-due discovery pursuant to Rule 26.

Plaintiffs specifically stated their intention to supplement the expert disclosures pursuant to Rule 26 (e). Contrast these circumstances with Ortiz, where the court found purposeful evasion in failing to reveal the Plaintiffs medical history. In the instant matter Plaintiffs have provided volumes of medical information and Defendant's have received volumes more as a result of subpoenas subsequent to Beverly Pine's deposition. If there has been any failure to disclose information it can and must be attributed to the fact that Plaintiff recently engaged new Counsel, Christopher Perruzzi to assist in preparing this matter for trial. Attorney Perruzzi entered his appearance on September 23, 2005, just days before the Expert Disclosures required by the original Scheduling Order.

Any finding of neglect to make timely disclosures can and should be attributed to the introduction of new Counsel and the absence of the Pines from the jurisdiction for much of the month of October. These facts are totally unlike those found in Ortiz where the parties were advised many months prior to the motion hearing that the expert disclosure was deficient. Ortiz @ p. 34. (The parties over the course of six months were repeatedly warned that the disclosures were deficient.)

Plaintiffs only recently learned that Dr. Pascalides would not testify and would refer this matter to an associate. See Exhibit B, Correspondence. As Dr. Pascalides has demonstrated some reluctance to be any further involved in this litigation, giving the continuing physician/patient relationship, and sensitivity that such a relationship not be negatively affected; counsel for the plaintiffs in this matter find themselves forced to retain additional medical expert

assistance, in order to present the relevant evidence of the plaintiff's injury, and her subsequent treatment, to this court.

Pursuant to Rule 6(b)(2) this Court may enlarge the time for Plaintiffs to make their Expert Disclosures when, as here, the failure to do so was the result of excusable neglect.

For all of the above reasons your Plaintiff respectfully suggests that there is substantial justification for the failure to provide discovery as required by the Scheduling Order. Beverly Pine further asserts that her failure is harmless to the Defendants under the circumstances.

Clearly, Defendants have jumped the gun. They have sought to deny Plaintiff her day in court as anticipated by the Rules and now seek to abuse those same rules to deny Beverly Pine her opportunity to make a full disclosure of her Expert Witnesses.

Conclusion

For all of the above reasons Plaintiffs ask that the Defendant's Motion be denied and dismissed and that she be allowed until December 14, 2005 to make Expert Disclosures.

> Respectfully Submitted,
> Counsel for the Plaintiffs,
>
> _____
> Christopher A. Perruzzi BBO#558 273
> Attorney for the Plaintiffs
> Coletti, Murray, Perruzzi, & O'Connor, LLC
> 1495 Hancock Street, Quincy, MA 02169
> (617) 657-0575

Dated: November ___ 2005

4

## AFFIDAVIT OF SERVICE

I, Christopher A. Perruzzi, do hereby certify that on this 12th day of November, 2005, I gave notice of the foregoing: Plaintiffs Objection to Defendant Hawthorn Country Club's Motion to Preclude Expert Testimony on Liability or Causation, to all parties, by mailing copies thereof, postage prepaid to:

Attorney Lauren Motola-Davis
Michael T. Farley, Esquire
121 South Main St.
Providence, RI 02903

John Reilly & Associates
Summit West-Suite 330
300 Centerville Rd
Warwick, RI 02886

Christopher A. Perruzzi