UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE AND ROBERT PINE
    Plaintiffs

v.                                        C.A. NO. 04-11518 NMG

JEAN ARRUDA AND HAWTHORNE
COUNTRY CLUB, INC.
    Defendants

## DEFENDANT, JEAN ARRUDA'S, OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE TRACKING ORDER WITH INTEGRATED MEMORANDUM

Defendant, Jean Arruda ("Arruda"), hereby opposes the motion of Plaintiffs to extend the "tracking order" in this case, which such motion is dated November 10, 2005. The motion is apparently addressed to the scheduling order in this case which (in pertinent part) provides that:

3. All expert depositions to be completed by 12/31/05.

4. All trial experts by plaintiff are to be designated and disclosure of information contemplated by FRCP, Rule 26(a)(2) by 10/14/05 trial experts designated and disclosure of information by defendant by 11/14/05.

7. Discovery is to be completed by 12/31/05, unless shortened or enlarged by Order of this Court.

All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge. . . Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery. . .

ARGUMENT

Plaintiffs contend that they have made a "timely disclosure of experts". In fact, they have furnished only cursory information that clearly does not comply with Rule 26(a)(2). These deficiencies have been brought to their attention yet have not as yet been remedied. This is illustrated by correspondence from Plaintiff's counsel dated October 14, 2005 (exhibit "A") and the disclosure itself (exhibit "B"). See, also, a copy of a letter from Arruda's undersigned Attorney dated October 14, 2005, attempting to address deficiencies (exhibit "C").

Plaintiff, Beverly Pine ("Ms. Pine") is claiming physical injuries as an alleged result of the accident that forms the basis of this litigation. Her treating orthopedic physician was Dr. Wilk. The deposition of Dr. Wilk was scheduled for Wednesday, October 19, 2005. Defense counsel prepared for that session but it was <u>cancelled</u> at the last moment by Plaintiffs' counsel (copy of correspondence at exhibit "D"). It has not been rescheduled.

It is clear from the partial "trial expert disclosure" of the Plaintiffs (exhibit "B") that Dr. Griggs' residence in the state of Colorado was known at least by the time of that proffer (i.e., several weeks ago). A fair reading of the report of Dr. Griggs also demonstrates that he was a second orthopedist but did not treat Ms. Pine. Rather, while located in Newport, Rhode Island in April, 2004, Dr. Griggs apparently made a permanency evaluation but did nothing more. (Dr. Wilk is equally, if not more, qualified to offer such opinion(s) but has apparently declined to do so.)

As noted by the Plaintiffs, the Defendants were required to disclose their expert witnesses by November 14, 2005. Arruda has disclosed her only expert (Edward Feldmann, M.D.) and did so on <u>October 25, 2005</u>. That disclosure included a complete report by Dr. Feldmann related to his medical examination of Ms. Arruda. It also included <u>all</u> of the information required by the rules of this court and <u>no request to take Dr. Feldmann's deposition has been made.</u>

The co-defendant, Hawthorne Country Club ("Hawthorne") recently moved to preclude the Plaintiffs from offering expert opinions or testimony on "liability or causation issues" (see Hawthorne's Motion and Supporting Memorandum). It is reasonable to conclude that the Plaintiff's present motion is motivated in significant part by their failure to identify any such causation experts. This is noteworthy since this case involves an accident that occurred on <u>July 11, 2001</u> (more than four years ago) and that this action has been pending since <u>July 7, 2004</u>.

Plaintiffs have not followed the strictures of Rule 26(a)(2) and have now ignored the mandate of the scheduling order that they offer "affidavits, other evidentiary materials, or reference to pertinent portions of the record". Further, they have failed to offer a "summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery". Finally, they offer no reason whatsoever as to why they cannot simply request leave to perpetuate the testimony of Dr. Griggs for trial and/or have failed to even request to depose Dr. Feldman if these are truly the basis of their present motion.

Accordingly, the Plaintiffs' present motion should be denied. Alternatively, they should, at best, be <u>precluded</u> from <u>adding</u> any additional experts at this twenty-fifth (25th) hour and be required to furnish a <u>sensible</u> plan to <u>perpetuate</u> the trial testimony of Dr. Griggs and Dr. Wilk (each of whom are damages experts) within an appropriate time that does not require alteration of the other dates of the present scheduling order.

          Jean Arruda
          By her Attorney,

          /s/ John B. Reilly
          John B. Reilly, Esq. (BBO #545576)
          John Reilly & Associates
          300 Centerville Road
          Summit West - Suite 330
          Warwick, Rhode Island 02886
          (401) 739-1800
          Fax: (401) 738-0258

## **CERTIFICATION**

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Michael Farley Esq.,** Morrison Mahoney, LLP, 121 South Main Street, Suite 600, Providence, Rhode Island 02903, **Christopher Perruzzi, Esq.,** Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, and **Karen Augeri Benson, Esq.**, Law Offices of Alan A. Amaral, 251 Bank Street, Fall River, Massachusetts 02720 this 15th day of November, 2005.

          /s/ John B. Reilly