UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE AND ROBERT PINE
    Plaintiffs

v.                                    C.A. NO. 04-11518 NMG

JEAN ARRUDA AND HAWTHORNE
COUNTRY CLUB, INC.
    Defendants

## DEFENDANT, JEAN ARRUDA'S, OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE TRACKING ORDER WITH INTEGRATED MEMORANDUM

      Defendant, Jean Arruda ("Arruda"), hereby opposes the motion of Plaintiffs to extend the "tracking order" in this case, which such motion is dated November 10, 2005. The motion is apparently addressed to the scheduling order in this case which (in pertinent part) provides that:

3.      All expert depositions to be completed by 12/31/05.

4.      All trial experts by plaintiff are to be designated and disclosure of information contemplated by FRCP, Rule 26(a)(2) by 10/14/05 trial experts designated and disclosure of information by defendant by 11/14/05.

7.      Discovery is to be completed by 12/31/05, unless shortened or enlarged by Order of this Court.

      All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge. . . Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery. . .

## ARGUMENT

Plaintiffs contend that they have made a "timely disclosure of experts". In fact, they have furnished only cursory information that clearly does not comply with Rule 26(a)(2). These deficiencies have been brought to their attention yet have not as yet been remedied. This is illustrated by correspondence from Plaintiff's counsel dated October 14, 2005 (exhibit "A") and the disclosure itself (exhibit "B"). See, also, a copy of a letter from Arruda's undersigned Attorney dated October 14, 2005, attempting to address deficiencies (exhibit "C").

Plaintiff, Beverly Pine ("Ms. Pine") is claiming physical injuries as an alleged result of the accident that forms the basis of this litigation. Her treating orthopedic physician was Dr. Wilk. The deposition of Dr. Wilk was scheduled for Wednesday, October 19, 2005. Defense counsel prepared for that session but it was <u>cancelled</u> at the last moment by Plaintiffs' counsel (copy of correspondence at exhibit "D"). It has not been rescheduled.

It is clear from the partial "trial expert disclosure" of the Plaintiffs (exhibit "B") that Dr. Griggs' residence in the state of Colorado was known at least by the time of that proffer (i.e., several weeks ago). A fair reading of the report of Dr. Griggs also demonstrates that he was a second orthopedist but did not treat Ms. Pine. Rather, while located in Newport, Rhode Island in April, 2004, Dr. Griggs apparently made a permanency evaluation but did nothing more. (Dr. Wilk is equally, if not more, qualified to offer such opinion(s) but has apparently declined to do so.)

As noted by the Plaintiffs, the Defendants were required to disclose their expert witnesses by November 14, 2005. Arruda has disclosed her only expert (Edward Feldmann, M.D.) and did so on <u>October 25, 2005</u>. That disclosure included a complete report by Dr. Feldmann related to his medical examination of Ms. Arruda. It also included <u>all</u> of the information required by the rules of this court and <u>no request to take Dr. Feldmann's deposition has been made.</u>

The co-defendant, Hawthorne Country Club ("Hawthorne") recently moved to preclude the Plaintiffs from offering expert opinions or testimony on "liability or causation issues" (see Hawthorne's Motion and Supporting Memorandum). It is reasonable to conclude that the Plaintiff's present motion is motivated in significant part by their failure to identify any such causation experts. This is noteworthy since this case involves an accident that occurred on <u>July 11, 2001</u> (more than four years ago) and that this action has been pending since <u>July 7, 2004</u>.

Plaintiffs have not followed the strictures of Rule 26(a)(2) and have now ignored the mandate of the scheduling order that they offer "affidavits, other evidentiary materials, or reference to pertinent portions of the record". Further, they have failed to offer a "summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery". Finally, they offer no reason whatsoever as to why they cannot simply request leave to perpetuate the testimony of Dr. Griggs for trial and/or have failed to even request to depose Dr. Feldman if these are truly the basis of their present motion.

Accordingly, the Plaintiffs' present motion should be denied. Alternatively, they should, at best, be <u>precluded</u> from <u>adding</u> any additional experts at this twenty-fifth (25th) hour and be required to furnish a <u>sensible</u> plan to <u>perpetuate</u> the trial testimony of Dr. Griggs and Dr. Wilk (each of whom are damages experts) within an appropriate time that does not require alteration of the other dates of the present scheduling order.

Jean Arruda
By her Attorney,

_____
John B. Reilly, Esq. (BBO #545576)
John Reilly & Associates
300 Centerville Road
Summit West - Suite 330
Warwick, Rhode Island 02886
(401) 739-1800
Fax: (401) 738-0258

## CERTIFICATION

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Michael Farley Esq.,** Morrison Mahoney, LLP, 121 South Main Street, Suite 600, Providence, Rhode Island 02903, **Christopher Perruzzi, Esq.,** Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, and **Karen Augeri Benson, Esq.,** Law Offices of Alan A. Amaral, 251 Bank Street, Fall River, Massachusetts 02720 this 15th day of November, 2005.

_____

# EXHIBIT A



# ALAN A. AMARAL
### ATTORNEY AND COUNSELLOR AT LAW
251 Bank Street, Fall River, Massachusetts 02720-3142  Telephone (508) 676-0011  Fax (508) 676-9908

KAREN AUGERI BENSON*

October 14, 2005

*VIA TELEFAX ONLY (401) 738-0258*
John Reilly, Esquire
JOHN REILLY & ASSOCIATES
Summit West – Suite 330
300 Centerville Road
Warwick, RI 02886

RE:  Beverly and Robert Pine v. Jeanne Arruda, et als
     CA# 04 11518NMG

Dear Attorney Reilly:

Enclosed please find Plaintiff's preliminary disclosures pursuant to Rule 26(a)(2). Be advised that the CV for Dr. Wilk will be available on Monday, October 17, 2005. I trust that the brief delay, which was apparently due to the holiday, will not be a problem. Similarly, our disclosures for Dr. Pascalides and Dr. Griggs will need to be supplemented.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

*Karen Augeri Benson*

Karen Augeri Benson
Law Office of Alan A. Amaral

KAB/ba
enclosure

cc: B. Pine
    C. Perruzzi, Esq.
    M. Farley, Esq.

*Licensed in Massachusetts and Rhode Island

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE
    Plaintiffs

v.       C.A. NO. 04-11518 NMG

JEAN ARRUDA and HAWTHORNE
COUNTRY CLUB, INC.
    Defendants

## PLAINTIFF'S TRIAL EXPERT DISCLOSURE PURSUANT TO Fed.R.Civ.P. 26(a)(2)

I.   Richard M. Wilk, M.D.
    Orthopedic Surgery
    Lahey Clinic
    41 Mall Road
    Burlington, MA 01805

Anticipated testimony will be based on and include the written narrative report dated 10/23/03. Dr. Wilk will also reference the Operative Report, dated 1/10/03 and the office/chart notes for the period 5/31/02 through 9/10/02. The above records have all previously been provided in Plaintiff's Answers to Interrogatories and Request for Production of documents.

Compensation to be paid for the study and testimony; $500.00 per hour with a two (2) hour minimum.

II.   James T. Pascalides, DPM
    University Foot Center
    235 Plain Street
    Providence, RI 02905

Anticipated testimony will be based on the written report, dated May 3, 2004, attached hereto.

III.   Sean M. Griggs. MD
    2535 South Downing Street, Suite 500
    Denver, CO 80210

Anticipated testimony will be based on the written report, dated April 16, 2004, attached hereto.

Plaintiffs reserve the right to supplement these disclosures pursuant to Fed.R.Civ.P. 26 (e) (1).

Respectfully Submitted,
Plaintiffs
By their Attorney,

*Karen Augeri Benson*
Karen Augeri Benson
Law Office of Alan A. Amaral
251 Bank Street
Fall River, MA 02720
(508) 676-0011
BBO# 628469

Dated: October 14, 2005

### CERTIFICATE OF SERVICE

I, Karen Augeri Benson, hereby certify that on October 14, 2005, I served the above Plaintiff's Trial Expert Disclosure Pursuant to Fed.R.Civ.P. 26(a)(2) in the above-entitled action by mailing/faxing/hand-delivering a copy thereof, postage prepaid, to:

John B. Reilly, Esquire
JOHN REILLY & ASSOCIATES
Summit West – Suite 330
300 Centerville Road
Warwick, RI 02886-4395

Michael T. Farley
MORRISON MAHONEY, LLP
121 South Main Street
Suite 600
Providence, RI 02903-7141

**SEAN M. GRIGGS, M.D.**
**University Orthopedics, Inc.**
**19 Friendship Street**
**Newport, RI 02840**
**(401) 846-7143**

PINE, BEVERLY J.
APRIL 16, 2004

**CHIEF COMPLAINT:** Ms. Pine is seen for evaluation of a right clavicle fracture.

**HISTORY:** She is a 71-year old female who fell on 07/11/01 after being struck by a golf cart. She had a clavicle fracture. Apparently it went on to a nonunion. She then underwent open reduction internal fixation, I believe, at the Lahey Clinic. She is here today for an evaluation. She states she had some pain in the shoulder but it seems to me what actually she has been referred mostly to determine is if she is at maximum medical improvement from her injury.

**PAST MEDICAL HISTORY & REVIEW OF SYSTEMS:** As noted and signed in the chart dated 04/16/04.

**PHYSICAL EXAMINATION:** She is alert and oriented, in no acute distress. Normal gait.

**SKIN:** Exam shows an incision over the right clavicle measuring 12cm in length which is mature and mobile.

**VASCULAR:** Examination shows normal pulses and no lymphedema with good capillary refill bilaterally. There is no adenopathy.

**MUSCULOSKELETAL EXAMINATION:**

**Range of Motion:** Range of motion of the shoulders, elbows, wrists and digits is full bilaterally with the exception of the right shoulder which showed forward elevation 170° vs 180°, external rotation 60° vs 60°, internal rotation T10 vs T9, external rotation and abduction 100° vs 100°, internal rotation and abduction 0 vs 40°, extension 50° vs 50°, abduction 90° vs 120°, adduction 40° vs 60°, internal rotation is to T10 on the right and T7 on the left.

**Provocative Maneuvers:** Provocative maneuvers show rotator cuff to be intact bilaterally.

**Strength:** Strength is symmetric in the shoulders as well as grip.

**NEUROLOGIC EXAMINATION:**

**Sensory examination:** Radial, median and ulnar motor sensory is grossly intact.

**STUDIES:** Radiographs, AP, two views of the right clavicle obtained today, showed a well-healed clavicle fracture which appears to be out to length. Soft tissues are benign in appearance.

**DIAGNOSIS:** Right clavicle fracture status post open reduction internal fixation for nonunion.

**PLAN:** At the present time the patient is at maximum medical improvement after her injury and surgery. She has a mature scar measuring 12cm in length.

Based on loss of motion of the shoulder she has a 10% impairment of her right upper extremity.

This loss of motion will likely be permanent in nature.

Based on the patient's history and medical evaluation, it is within a certain degree of medical certainty that her right clavicle fracture was caused by her injury of 07/11/01.


Sean M. Griggs, M.D./sms

## UNIVERSITY FOOT CENTER, INC.

JAMES T. PASCALIDES DPM
PETER J. SARDELLA DPM
EDMUND T. DOSREMEDIOS DPM
KRYSIA L. LEPOER DPM

Patient Office (401) 861-8830
Facsimile (401) 351-2378

235 Plain Street
Providence, RI 02905

1 Commerce Street
Lincoln, RI 02865

1351 South County Trail
East Greenwich, RI 02818

May 3, 2004

Karen Augeri Benson
Law Office of Alan Amaral
251 Bank Street
Fall River, MA 02720-3142

RE: Beverly Pine
25 Redrawn Avenue
Middletown, RI 02840
DOB: 8/12/32

Dear Miss Benson:

Enclosed please find a copy of my evaluation of Beverly Pine's recent encounter. With regards to your questions:

1. I do think Mrs. Pine is permanently disabled due to laceration of peripheral nerves in her right lower leg.
2. I am not aware of any future medical treatments that could benefit this problem.
3. Beverly Pine is at risk for future injury due to permanent numbness in her foot and her loss of protective sensation.
4. It would seem that her injuries and present disability is directly related to the incident of July 2001.

If you have any further questions, please feel free to call upon me.

Sincerely,

James T. Pascalides, DPM

JTP/dc

Enclosure

## UNIVERSITY FOOT CENTER, INC.
James T. Pascalides, D.P.M., Peter J. Sardella, D.P.M.
Edmund T. DosRemedios, D.P.M., Krysia L. LePoer, D.P.M.
235 Plain Street, Providence, RI 02905, 1 Commerce Street, Lincoln, RI 02865
1351 South County Trail, East Greenwich, RI 02818, 500 Wampanoag Trail, East Providence, RI 02914
(401) 861-8830

**BEVERLY PINE**          DOB: 8/12/32
25 Reardon Drive
Middletown, RI 0284?    REF: Joseph Friedman MD

**DATE OF SERVICE**  April 7, 2004

**CHIEF COMPLAINT/HPI:** 71-year-old female is referred by Dr. Friedman with a chief complaint of pain and numbness in both feet. She states that she notices numbness in the last three toes of her right foot following trauma, which occurred in July of 2001. This trauma was golf cart accident, which caused laceration to her lower extremity and resultant symptoms. She is referred by Dr. Friedman for evaluation.

**PAST MEDICAL HISTORY:** As per her intake sheet, which is reviewed.

**EXAMINATION:** Notes a healthy appearing female in no acute distress. She is oriented x3. There is evidence of heel lacerations to her right lower extremity. Examination of her foot notes palpable pedal pulses; skin texture turgor is within normal limits. ROM at the ankle, subtalar and MTPJ's are within normal limits as well. There is no evidence of reflex sympathetic dystrophy. Semmes Weinstein evaluation noted loss of protective sensation at the 3rd, 4th and 5th toes right foot. This was noted dorsally.

**IMPRESSION:** Loss of sensation over the course of the intermediate dorsal cutaneous and sural nerves of the right foot.

**TREATMENT PLAN:** I impressed the fact that her peripheral numbness is probably related to her laceration proximally. I informed her that over this period of time, she probably will not regain sensation in this area. She asks whether or not this is related to her Parkinson's disease and I sincerely doubt it. She will follow up prn. JTP/lc

James T. Pascalides, DPM

# EXHIBIT C

# JOHN REILLY & ASSOCIATES
### Attorneys and Counselors at Law

Summit West — Suite 330
300 Centerville Road
Warwick, Rhode Island 02886-4395
(401) 739-1800
Fax (401) 738-0258

John B. Reilly
jreilly@lawyers-online.us

October 14, 2005

*VIA FACSIMILE AND REGULAR MAIL*

Karen Augeri Benson, Esq.
Law Offices of Alan A. Amaral
251 Bank Street
Fall River, Massachusetts 02720

Re:   **Beverly & Robert Pine**
      **v. Jean Arruda and Hawthorne Country Club, Inc.**

Dear Ms. Benson:

Thank you for today's correspondence concerning (among other things) the deposition of Dr. Wilk scheduled for the afternoon of October 19, 2005.

In reviewing this submittal, it does not appear that the information contemplated by Rule 26(a)(2) has been completely furnished. While your letter references plans to submit a curriculum vitae (presumably including publications), we find no reference to the cases in which has appeared and testified as an expert (at trial or by deposition) within the last four (4) years. If there has been such testimony, please delineate it; if there has been none, kindly so advise.

Thank you for your attention to this request.

Very truly yours,

John B. Reilly

JBR/skd
Enclosure

cc:   *Christopher A. Perruzzi, Esq. (via facsimile & regular mail)*
      *Michael Farley, Esq. (via facsimile & regular mail)*

# EXHIBIT D

## COLETTI, MURRAY, PERRUZZI & O'CONNOR, LLC
### ATTORNEYS AT LAW

John J. O'Connor, Jr.
Christopher A. Perruzzi
Bruce H Murray
Carroll D. Coletti*

1495 Hancock Street, Suite 302
Quincy, MA 02169
Tel: (617) 657-0575
Fax: (617) 657-0576

*Also admitted in N.H.

October 19, 2005

John B. Reilly, Esquire {via facsimile and regular mail (401) 738-0258}
John Reilly & Associates
300 Centerville Rd
Summitt West-Suite 130
Warwick, RI 02886

Re:  Beverly Pine, et al v. Jean Arruda, et al
     United States District Court Civil Action No. 04-11518 NMG
     Our File No. 0393-P

Dear Mr. Reilly:

As I discussed with your assistant, please be advised that, due to an unforeseen family emergency, I am unable to go forward with the audiovisual deposition of Dr. Wilk, which had been scheduled to occur on Wednesday, October 19, 2005 at 5:00 p.m. at the Lahey Clinic, Burlington, Massachusetts.

My office will be contacting yours in order to reschedule that audiovisual deposition.

Should you have any question or commentary, please do not hesitate to contact me. In the interim, I thank you for your anticipated cooperation.

Very truly yours,

Christopher A. Perruzzi
CAP/dw
cc: Karen Augeri Benson {via facsimile (508) 676-9908}