UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE AND ROBERT PINE
    Plaintiffs

v.                              C.A. NO. 04-11518 NMG

JEAN ARRUDA AND HAWTHORNE
COUNTRY CLUB, INC.
    Defendants

## MEMORANDUM OF DEFENDANT, JEAN ARRUDA, SUPPORTING HER MOTION TO STRIKE THE EXPERT'S DISCLOSURE

Defendant, Jean Arruda ("Arruda") has moved that this Court enter an Order, striking the Plaintiffs' disclosure of Thomas F. Morgan, M.D., as a "trial expert". She offers this Memorandum in support of her position.

### BACKGROUND

By Order dated December 22, 2005, this Court allowed Plaintiffs' request to further extend the Scheduling Order in this matter. In pertinent part, Paragraph 2(a) of that Order required Plaintiffs to both designate and furnish Rule 26 disclosures on or before January 31, 2006.

In correspondence dated January 30, 2006 (copy at Exhibit "A"), Plaintiffs advised that Thomas F. Morgan, M.D. would be a "trial expert". The disclosure omitted its most essential ingredient - a report delineating any opinion(s) held by this physician.

While Plaintiffs' counsel noted in the correspondence of January 30, 2006, "no such report yet exists", thus the disclosures will be supplemented". No supplementation or report has been received since that time.

This Court's aforementioned Order also required that Defendants designate and furnish Rule 26 disclosures "on or before February 28, 2006" and that expert depositions be completed on or before April 15, 2006. Given the failure of the Plaintiffs to timely furnish a report of Dr. Morgan, it is not clear whether Arruda will require supplementation of her own expert disclosures. And it is patently unfair to the defense to have to be dealing with undisclosed opinions even after this Court has granted Plaintiffs an extension of time in which to furnish these reports.

## ARGUMENT

Even if an expert has now been disclosed, the Plaintiffs have not complied with the timeliness requirements of Rule 26(a)(2)(C). As a result, they are obligated under Rule 37(c)(1) to show that the delay in their disclosures are either justified or harmless. See, <u>Wilson v. Bradlees of New England, Inc.</u>, 250 F.3d 10 (1st Cir. 2001); <u>Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia De P.R.</u>, 248 F.2d 29 (1st Cir 2001).

## CONCLUSION

For the foregoing reasons, Arruda requests that this Court enter an Order striking the disclosure of Dr. Morgan as both untimely and patently insufficient.

        Jean Arruda
        By her Attorney,


        /s/ John B. Reilly
        John B. Reilly, Esq. (BBO #545576)
        John Reilly & Associates
        300 Centerville Road
        Summit West - Suite 330
        Warwick, Rhode Island 02886
        (401) 739-1800
        Fax: (401) 738-0258

## **CERTIFICATION**

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Michael Farley, Esq.**, Morrison Mahoney, LLP, 121 South Main Street, Suite 600, Providence, Rhode Island 02903, **Christopher A. Perruzzi, Esq.,** Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, and **Karen Augeri Benson, Esq.**, Law Offices of Alan A. Amaral, 251 Bank Street, Fall River, Massachusetts 02720 this 23rd day of February, 2006.

        /s/ John B. Reilly