UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF MASSACHUSETTS OFFICE

| | |
|---|---|
| BEVERLY PINE and | ) |
| ROBERT PINE, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| JEAN ARRUDA and HAWTHORNE | ) |
| COUNTRY CLUB, INC., | ) |
| | ) |
| Defendants | ) |

2006 MAR 22 P 12: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

## PLAINTIFFS', BEVERLY PINE AND ROBERT PINE, OPPOSITION TO THE MOTION OF THE DEFENDANT, JEAN ARRUDA, TO STRIKE THE EXPERT'S DISCLOSURE OF THE PLAINTIFFS

Now come the Plaintiffs, Beverly Pine and Robert Pine, by and through Counsel, and pursuant to Rules 37 and 6(b)(2), hereby object to the motion of the defendant, Jean Arruda, to strike plaintiffs' trial expert disclosure. As reasons therefore your Plaintiffs rely on the attached Memorandum of Law, Exhibit(s) and such further and other argument as Counsel may present at Hearing on this matter.

I.    Facts:

This is a personal injury claim arising out of injuries sustained by Plaintiff, Beverly Pine, when she was run over by a golf cart while attending a ladies golf tournament. Mrs. Pine was at the Hawthorn Country Club, as a guest of Jean Arruda, on July 11 2001. This matter is the subject of a Court Scheduling Order issued subsequent to a Scheduling Conference conducted on December 9, 2004.

By order dated December 22, 2005, this court allowed the plaintiffs' request to further extend the scheduling order in this matter. That same order requires, in paragraph 2 (a), that the plaintiffs both designate and provide expert disclosures pursuant to Rule 26 on or before January

31, 2006. Pursuant to the plaintiffs' expert disclosure dated January 30, 2006, the plaintiffs advised that Thomas F. Morgan, M.D. would be their "trial expert". This court's order, mentioned previously, also required that the defendants provide all expert disclosures on or before February 28, 2006. Counsel for the plaintiffs, on or about February 28, 2006, provided counsel for the defendants with an expert report of Thomas F. Morgan, M.D., dated February 21, 2006.

Counsel for the defendants now have the benefit of all of the information available to counsel for the plaintiffs regarding Dr. Morgan. Prior to this expert disclosure by the plaintiffs, counsel for the defendants had already provided counsel for the plaintiffs with a report from their expert witness, providing their anticipated expert testimony. Accordingly, the only outstanding issue which now remains is, in light of the plaintiffs' expert disclosure of Thomas F. Morgan, M.D., whether any additional opinion testimony must be procured from the defendants' expert witness and/or whether that expert may request, in light of that disclosure, an additional opportunity to examine the plaintiff. These issues are not yet before this court.

Conclusion

For all of the above reasons Plaintiffs ask that the Defendant's Motion be denied and dismissed and, further, that Thomas F. Morgan, M.D. be allowed to testify as the plaintiffs' expert witness.

Respectfully Submitted,
Counsel for the Plaintiffs,


Christopher A. Perruzzi BBO#558 273
Attorney for the Plaintiffs
Coletti, Murray, Perruzzi, & O'Connor, LLC
1495 Hancock Street, Quincy, MA 02169
(617) 657-0575

## **AFFIDAVIT OF SERVICE**

I, Christopher A. Perruzzi, do hereby certify that on this 20th day of March, 2006, I gave notice of the foregoing: Plaintiffs, Beverly Pine and Robert Pine, opposition to the motion of the defendant, Jean Arruda, to strike the expert disclosure of the plaintiffs, to all parties, by mailing copies thereof, postage prepaid to:

Attorney Lauren Motola-Davis
Michael T. Farley, Esquire
121 South Main St.
Providence, RI 02903

John Reilly & Associates
Summit West-Suite 330
300 Centerville Rd
Warwick, RI 02886

Christopher A. Perruzzi