UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE and ROBERT PINE
    Plaintiffs
      Vs.                                                  1:04-cv-11518-NMG

JEAN ARRUDA and HAWTHORNE COUNTRY CLUB, INC.
    Defendants

## DEFENDANT, HAWTHORNE COUNTRY CLUB, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Now comes the defendant and moves this court for judgment as a matter of law.

**I.    Fact Summary**

On or about July 11, 2001, the plaintiff, Beverly Pine was injured when struck by a golf cart. The accident occurred during a break in a golf tournament at co-defendant Hawthorne Country Club, where she was a guest of co-defendant member Jeanne Arruda.

Shortly after the tournament began, it was interrupted when rain or lightning halted play. The players, including Mrs. Pine and Mrs. Arruda, returned to the clubhouse on golf carts to wait for play to resume.

Once inside the clubhouse, the members and guests socialized and waited for the weather to clear. Thirty minutes after the tournament was halted, Mrs. Pine and Mrs. Arruda had a discussion about retrieving or covering Mrs. Pine's golf clubs, which had been left outside with the golf cart.

Mrs. Arruda went outside to deal with Mrs. Pine's golf clubs, followed by Mrs. Pine who waited near the door of the clubhouse.

At this point, the precipitating cause of the accident is unclear, but it appears that either Mrs. Arruda caused the cart to drive forward by striking the cart's accelerator pedal with her

foot, or Mrs. Pine's golf clubs fell onto the cart's accelerator pedal, causing the cart to drive forward.

In any event, the cart drove forward, toward Mrs. Pine, knocking her to the ground. It proceeded to roll over Mrs. Pine, trapping her beneath it. She was immediately assisted by Mrs. Arruda, who helped to remove the golf cart. Mrs. Pine was thereafter transported to the hospital via ambulance.

## II.     Statement of Law

### A.     Summary Judgment Standard

Summary judgment should be granted where there are no genuine issues of material fact on any relevant issue raised by the pleadings and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that they are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In ruling on the motion, the court must consider the evidence in the light most favorable to the opposing party. Crawford v. Lamantia, 34 F.3d 28, 31 (1st Cir. 1994).

Although usually a question for the jury, courts may enter summary judgment when the evidence can only lead to one conclusion:

> Although the question of proximate cause--i.e., whether a risk of harm was reasonably foreseeable--is ordinarily for the jury, summary judgment may be appropriate when the evidence and the reasonable inferences drawn therefrom lead to but one conclusion.

Staelens v. Dobert, 318 F.3d 77, 79 (1st Cir. 2003). (citing Kent v. Commonwealth, 437 Mass. 312, 320-22, 771 N.E.2d 770 (2002), Poskus v. Lombardo's of Randolph, Inc., 423 Mass. 637, 638-41, 670 N.E.2d 383 (1996); Young v. Atlantic Richfield Co., 400 Mass. 837, 842, 512 N.E.2d 272 (1987).

B.  **Negligence**

Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in the injury. O'Sullivan v. Shaw, 431 Mass. 201, 203 (2000) (quoting Davis v. Westwood Group, 420 Mass. 739, 742-743, 652 N.E.2d 567 (1995)).

Whether a defendant has a duty of care to the plaintiff in the circumstances is a question of law for the court. See id. at 743, citing Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629, 536 N.E.2d 1067 (1989).

Under Massachusetts law, "in addition to being the cause in fact of the injury [the but for cause], the plaintiff must show that the negligent conduct was a proximate or legal cause of the injury as well." Kent v. Commonwealth, 437 Mass. 312, 320, 771 N.E.2d 770 (2002). To establish proximate cause, a plaintiff must show that his or her injuries were within the reasonably foreseeable risks of harm created by the defendant's negligent conduct. Id.; Poskus v. Lombardo's of Randolph, Inc., 423 Mass. 637, 639-41, 670 N.E.2d 383 (1996).

III. **ARGUMENT**

In the present case, the plaintiff has alleged three counts against Hawthorne Country Club.

Plaintiff alleges negligence on the part of the golf course for 1) "failing to halt the tournament play in a timely manner and permitting play to continue after the weather became dangerous" (Count II); and 2) "failing to secure the golf carts once they were parked" (Count III).

In addition to, and based upon these counts, plaintiff's husband alleges a loss of consortium.

These counts must fail for a number of reasons.

A. **COUNT II (Failing to halt play and permitting play to continue)**

The evidence will demonstrate that the decision about whether or not to halt play had absolutely no bearing on the actual accident. As demonstrated by the complaint and corroborated by the plaintiff's own testimony, the accident happened about 30 minutes after the plaintiff had safely returned to the clubhouse without incident.

To permit this count to proceed would turn the concept of proximate cause on its head. In order to proceed, the plaintiff must have some evidence that the conduct was the proximate cause of the injury. Because the plaintiff does not have such evidence, this count must fail.

B. **COUNT III (failing to secure the carts)**

In this count, plaintiff claims that the defendant "fail[ed] to secure golf carts once they were parked." This count presupposes that there is some duty on the part of a golf course to secure golf carts during golf tournament interrupted by weather. Yet, plaintiff has offered no expert opinion on the matter.

The duties and obligations of a golf course are certainly beyond the ken of the average juror. In Massachusetts, our courts have held that where trial issues are "beyond the ken of the average layperson" expert testimony must be offered. D'Amelio v. Morgan Goodwill Indus., 15 Mass. L. Rep. 270 *10-11 (Mass. Super. 2002 (Billings, J.). (citing Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 227, 712 N.E.2d 617 & n. 4, 47 Mass. App. Ct. 221, 712 N.E.2d 617 (1999), Flood v. Southland Corp., 416 Mass. 62, 77, 616 N.E.2d 1068 (1993) [*11]

(security in convenience store); <u>Sharpe v. Peter Pan Bus Lines</u>, 401 Mass. 788, 793, 519 N.E.2d 1341 (1988) (bus terminal); <u>Mullins v. Pine Manor College</u>, 389 Mass. 47, 51, 449 N.E.2d 331 (1983) (college campus); <u>Missett v. Cardinal Cushing High School</u>, 43 Mass.App.Ct. 5, 8, 680 N.E.2d 563 (1997) (high school dance); <u>McLaughlin v. Vinios</u>, 39 Mass.App.Ct. 5, 6-7, 653 N.E.2d 189 (1997) (parking garage); see <u>Dennis v. Consolidated Rail Corp.</u>, 1998 Mass. Super. LEXIS 639, 1998 WL 1181677 (Mass.Super. 1998; Fabricant, J.) (expert testimony required to support allegation of negligent security in commuter rail station)).

Without expert testimony on the relevant issue, "a jury would be at sea." <u>Bennett v. Winthrop Community Hospital</u>, 21 Mass. App. Ct. 979 981 (1986).

Because there is no competent evidence of 1) a duty; 2) a breach, 3) that the breach proximately caused an injury, this count must fail in its entirety.

C.  **COUNT IV (consortium)**

As noted above, count IV is a consortium claim based upon the negligence claims contained in counts II and III.

Because the negligence counts must fail, so must the consortium claim.

## IV. Conclusion

For the foregoing reasons, we respectfully request that the court grant summary judgment in favor of Hawthorne Country Club on all counts. Furthermore, there being no just reason for delay, we respectfully ask for entry of separate and final judgment.

Respectfully Submitted,
Hawthorne Country Club, Inc.
By their attorneys,
MORRISON MAHONEY LLP

_____
Lauren Motola-Davis, #638561
Michael T. Farley, #640593
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331 4660
Fax: (401) 351 4420

## CERTIFICATION

I hereby certify that on this ___15___ day of ___May___, 2006 copy of the foregoing was mailed, postage prepaid, to:

Karen Augeri Benson, Esquire
Law Office of Alan A. Amaral
251 Bank Street
Fall River, MA 02720

Christopher Perruzzi, Esquire
Coletti, Murray, Perruzzi & O'Connor, LLC
1495 Hancock Street, Ste 302
Quincy, MA 02169
(617) 657-0575

John B. Reilly, Esquire
John Reilly & Associates
300 Centerville Road
Summit West – Suite 330
Warwick, RI 02886

_____