United States District Court
District of Massachusetts

```
_____
                              )
BEVERLY PINE and ROBERT PINE, )
                              )
        Plaintiffs,           )
                              )   Civil Action No.
        v.                    )   04-11518-NMG
                              )
JEAN ARRUDA and HAWTHORNE     )
COUNTRY CLUB, INC.,           )
                              )
        Defendants.           )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

On July 11, 2001, Beverly Pine ("Mrs. Pine") was injured during a golf tournament at Hawthorne Country Club ("Hawthorne") where she was playing golf as a guest of Jean Arruda ("Ms. Arruda"). A rain and lightning storm occurred during the tournament and after a siren alerted the players to leave the course, Mrs. Pine and Ms. Arruda returned to the clubhouse, leaving Mrs. Pine's clubs on the seat of their covered golf cart. Ms. Arruda, a member of Hawthorne, apparently took her clubs inside. The storm grew more severe over the next 30 minutes and Ms. Arruda decided to remove the cart to an area beneath an overhang lest Mrs. Pine's clubs would get wet.

Mrs. Pine stood outside the entrance of the clubhouse as Ms. Arruda went to move the cart. Although the parties' renditions

-1-

of what happened next vary, it appears that Ms. Arruda was either shifting, or about to shift, the placement of Mrs. Pine's golf bag when the cart suddenly accelerated, struck Mrs. Pine knocking her to the ground and ran over her. The bag of clubs had fallen onto the front floor of the cart and perhaps depressed its accelerator.

In July, 2004, Mrs. Pine and her husband, Robert Pine ("Mr. Pine"), (collectively, "the Pines") filed a suit against Ms. Arruda and Hawthorne in which Mrs. Pine claims damages for defendants' negligence and Mr. Pine claims loss of consortium. Currently pending before the Court is a motion of Hawthorne for summary judgment with respect to which the parties have filed written memoranda and the Court heard oral argument on August 10, 2006. After considering the issues raised in the pleadings and at that hearing, the Court will allow Hawthorne's motion.

Summary judgment is appropriate where the moving party has demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party".

Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The record is evaluated in the light most hospitable to the non-moving party and all reasonable inferences are made in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).

Liability for negligence requires proof that the defendant 1) owed a legal duty to the plaintiff 2) which the defendant breached thereby 3) causing 4) injury to the plaintiff. Davis v. Westwood Group, 652 N.E.2d 567, 569 (Mass. 1995) (citations omitted).

Proof of causation requires a demonstration not merely of cause in fact but also of proximate or legal cause, i.e., that the plaintiff's injury was "within the reasonably foreseeable risks of harm created by the defendant's negligent conduct". Staelens v. Dobert, 318 F.3d 77, 79 (1st Cir. 2003) (citations omitted). A defendant need not anticipate the "precise manner" of an injury's occurrence so long as the injury was "not intentionally caused by a third person and within the scope of the risk created by the [defendant's] conduct". Christopher v. Father's Huddle Café, Inc., 782 N.E.2d 517, 526 (Mass. App. Ct. 2003) (quoting Lawrence v. Kamco, Inc., 397 N.E.2d 1157, 1160

(Mass. App. Ct. 1979)) (internal quotation marks omitted).

In this case, Hawthorne's negligence allegedly derives from 1) its failure to halt the tournament before weather conditions deteriorated (Count II) and 2) its failure to exercise due care with respect to the safety of its premises and use of its golf carts (Count III).

Hawthorne contends that judgment on Count II is appropriate because there is no causal relationship between when it sounded the alarm to stop play and the injuries suffered by Mrs. Pine. Plaintiffs offer no counter-argument to Hawthorne's contention and the Court concludes that summary judgment on Count II is warranted.

Count III presents a closer question which was explored by the parties and the Court at oral argument.  Hawthorne asserts that it is entitled to summary judgment because no reasonable jury could find the golf club liable for failing to provide better parking or assistance with its golf carts during a rain delay in the middle of a golf tournament.  Hawthorne points out that plaintiffs made no allegations implying that they were relying on a theory of inadequate warnings with respect to the use of its golf carts.  Defendant Hawthorne notes, furthermore, that Mrs. Pine and Ms. Arruda both had considerable experience using golf carts.  Finally, Hawthorne reasons that, should it be deemed liable for Mrs. Pine's accident, country clubs everywhere

would be exposed to liability for all injuries resulting from the negligent use of their golf carts no matter who was using them or how attenuated the link was between the conduct of the country club and the resulting injury.

Plaintiffs respond that a jury could find Hawthorne negligent for failing to anticipate the consequences of a rain delay including the need for more covered parking, assistance with parking the golf carts and a storage area for the golf clubs of non-members. They contend, furthermore, that Hawthorne should be held responsible for the intervening conduct of Ms. Arruda because she was using the golf cart for its intended purpose, in a foreseeable manner.

The Court agrees with plaintiffs that Hawthorne owed a duty to Mrs. Pine as its guest. In accordance with that duty, the club was required to

> maintain[ ] [its] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.

Mounsey v. Ellard, 297 N.E.2d 43, 52 (Mass. 1973) (quoting Smith v. Arbaugh's Restaurant, Inc., 469 F.2d 97, 100 (D.C. Cir. 1972)) (internal quotation marks omitted).

On the other hand, the Court agrees with defendant Hawthorne that no reasonable jury could find it liable to the Pines on the basis of negligence. In order for the Pines to prevail against the country club, a jury must find that Hawthorne's conduct with

respect to the parking of golf carts and/or storage of clubs constituted a breach of its duty of care and that either of those breaches actually and proximately caused Mrs. Pine's injury. Here, the evidence of Hawthorne's breach is extremely speculative and a demonstration of proximate cause fatally absent.

Negligence involves balancing the likelihood and magnitude of risk against the burden of avoiding it.  In the midst of a golf tournament suspended for a rain delay, no reasonable jury could conclude that Hawthorne's described conduct was negligent. Furthermore, plaintiffs' proof of causation is undermined by the intervening act of Ms. Arruda in this case.  Charging Hawthorne with having to anticipate that its lack of covered parking and/or failure to provide a designated storage area for its guests' golf clubs and/or its failure to provide a constant attendant to golfers could cause a guest to be run over by a golf cart stretches the concept of reasonable foreseeability to its breaking point.  See Staelens, 318 F.3d at 79.

**ORDER**

In accordance with the foregoing memorandum, the Motion for Summary Judgment of Hawthorne Country Club, Inc. (Docket No. 35) is **ALLOWED**.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated: August 14, 2006