UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
    Plaintiffs

v.   C.A. NO. 04-11518 NMG

JEAN ARRUDA and HAWTHORNE
COUNTRY CLUB, INC.
    Defendants

### Plaintiffs' Memorandum in Support of

### MOTION IN LIMINE

Now come the Plaintiffs, in support of their motion and pursuant to Rule 7.1(B)(1), and hereby submits this memorandum in support of their motion in limine. Said motion moves this Court to prohibit Defendant and counsel for Defendant from, in the presence of the jury, offering or soliciting any evidence or testimony, or making any statements, either directly or indirectly, regarding the matters specified below:

1) Medical records from the Plaintiff's hospitalization in Naples, Florida, June 6-8, 2006.

As reasons therefore, Plaintiff avers that said evidence is not relevant and should be excluded. Its probative value, if any, is substantially out weighed by the danger that the jurors will be confused by the excessive medical information. The introduction of this evidence, which is unrelated to the injuries claimed for the within matter, will result in a delay of trial and waste of Court time. Federal Rule of Evidence 403. The Court may exclude such evidence under Federal Rule of Evidence 611(a), to avoid needless consumption of time and to protect the witness from undue embarrassment.

2) The Plaintiff's medical records for treatment with Gerhard Friehs, MD, in April of 1999.

As reasons therefore, Plaintiff avers that said evidence is not relevant and should be excluded. Its probative value, if any, is substantially out weighed by the danger that the jurors will be confused by the excessive medical information, will result in a delay of trial and waste of Court time. Federal Rule of Evidence 403. Furthermore, the Court may exclude this evidence under Federal Rule of Evidence 611(a) to avoid needless consumption of time and to protect the witness from undue embarrassment.

3) Records of Treatment provided by Newport Hospital for the period August 27, 1950 through February 15, 1990.

As reasons therefore, Plaintiff avers that said evidence is not relevant and should be excluded. Its probative value, if any, is substantially out weighed by the danger that the jurors will be confused by the excessive medical information, will result in a delay of trial and waste of Court time. Federal Rule of Evidence 403. Furthermore, the Court may exclude this evidence under Federal Rule of Evidence 611(a) to avoid needless consumption of time and to protect the witness from undue embarrassment.

The above-referenced records are wholly unrelated to the injuries sustained at Hawthorne Country Club, which give rise to this incident. The purpose of a Motion in Limine is precisely to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence. See *Boston v. Board of Educ.,* 392 Mass. 788, 467 N.E.2d 1318, (1984).

4) Video taped deposition testimony of Cynthia LaBouliere. As reasons therefore, Plaintiff avers that said evidence is highly prejudicial. Cynthia LaBouliere has not been identified as a percipient witness. The reason for taking her video deposition is unknown at this time.

The Plaintiffs,
Beverly Pine and Robert Pine,
By their Attorney,

/s/_____
Karen Augeri Benson, Esquire
Law Office of Alan A. Amaral
251 Bank Street
Fall River, MA 02720
Tel: (508) 676-0011
BBO #628469

Dated: October ____, 2006

## CERTIFICATION

I, Karen Augeri Benson, Esquire, hereby certify that on the _____ day of October, 2006, I served the foregoing Plaintiff, Beverly Pine's, Motion in Limine, by mailing/hand delivering/faxing a true and complete copy of same, to:

John Reilly, Esquire
JOHN REILLY & ASSOCIATES
Summit West – Suite 330
300 Centerville Road
Warwick, RI 02886

/s/_____
Beth Almeida

3