UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
      Plaintiffs

v.                                                                                                             C.A. NO. 04-11518 NMG

JEAN ARRUDA and HAWTHORNE
COUNTRY CLUB, INC.
      Defendants

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE

### ARGUMENT

#### A.    Medical Records

Plaintiffs broadly aver that certain medical records are "not relevant" and that their probative value is "substantially out weighed (sic) by the danger that the jurors will be confused by excessive medical information". Further (and without factual support) they assert that evidence from such medical records is "unrelated to the injuries claimed", will result in a "delay of trial and waste of Court time" and presumably also cause some sort of unspecified "embarrassment" to "the witness".

Both the plaintiffs and Arruda have identified medical expert witnesses (neurologists) in connection with the claims that Ms. Pine is apparently intent on presenting in this action. Both experts have reviewed some or all of the medical records described in the present motion. Both have made reference to and/or should be cross-examined on certain historical reports or findings contained in such records[1].

Defense counsel was contacted by plaintiffs' counsel last week and has promised to attempt to review all medical reports so that they can be authenticated and admitted as exhibits by agreement. As part of that process, the defense plans to propose utilizing the portions of past histories that are essential to its presentation. This will not include histories of Ms. Pine's pregnancies and other matters of that nature but will include all relevant entries necessary to respond to or defend plaintiffs' claims.. Nevertheless, the blanket attempt to exclude all past or ongoing medical history is entirely inappropriate.

---

[1] For example, defense expert Edward Feldmann, M.D. has used the past medical history records to determine that Ms. Pine had "shingles of the right lateral foot found years ago when she was in a Parkinson's Research Program". Although she presently complains of right foot numbness and sensory symptoms that she claims resulted from this accident, Dr. Feldmann disagrees and the defense intends to utilize appropriate portions of these early records to demonstrate that this is actually an unrelated condition.

### B. <u>Testimony of Cynthia LaBouliere</u>

Here, plaintiffs aver that the deposition testimony of Cynthia LaBouliere is "highly prejudicial" and that she has "not been identified as a percipient witness".

In fact, Arruda's initial responses to plaintiffs' interrogatories were served in <u>January, 2005</u>. Question ten (10) sought the names and addresses of all persons that who were witnesses to the incident. The <u>answer clearly indicates</u> that Ms. LaBouliere was one such witness (see copy of question and response at pages 9-10 of exhibit "A").

Plaintiffs took no action to interview or depose any of these witnesses and cannot complain now about being "surprised". Seeking to exclude this testimony is completely frivolous.

The fact that evidence offered by an opponent is "prejudicial" to one's case should also come as no surprise and is not an appropriate ground for excluding evidence.

### CONCLUSION

For the foregoing reasons, Arruda respectfully requests that plaintiffs' motion in limine be denied in every respect.

    Defendant,
    Jean Arruda
    By her attorney,

    /s/ John B. Reilly
    John B. Reilly, Esq. BBO#545576
    John Reilly & Associates
    300 Centerville Road
    Summit West - Suite 330
    Warwick, Rhode Island 02886
    (401) 739-1800
    Fax (401) 738-9258

## **CERTIFICATION**

      It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Karen Augeri Benson, Esq.**, Law Offices of Alan A. Amaral, 251 Bank Street, Fall River, Massachusetts 02720, **Christopher A. Perruzzi, Esq.**, Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, this 11th day of October, 2006.

                                                          /s/ John B. Reilly