UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
    Plaintiffs

v.                                                      C.A. NO. 04-11518 NMG

JEAN ARRUDA,
    Defendant

## DEFENDANT'S VOIR DIRE REQUESTS

In accordance with this Court's pretrial order in this action, defendant, Jean Arruda ("Arruda"), herby requests that <u>voir dire</u> of prospective jurors include questions addressing the following topic(s) specific to the facts in this case; namely whether any juror:

(1)     Has ever regularly played golf, and if so whether they ever *played at* or were a *member* of the Hawthorne Country Club in North Dartmouth, Massachusetts.

(2)     Has ever *worked at a golf course* or had a close friend or family member who worked at a golf course?

(3)     Has ever *used* or *driven* a golf car or golf cart?

(4)     Has personally been *involved* or known anyone involved in an *accident involving a golf car or cart*?

(5)     Has ever been involved in *selling, designing, maintaining or repairing golf cars or golf carts*?

(6)     Do you have an *understanding of how the ignition and brake system on a golf cart works*?

(7)     Do you *know any of the other jurors* on the proposed panel (or a similar question designed to determine if there exists a potential grouping or "block" of jurors who might tend to vote together due to their acquaintance or friendship)?

(8)     Spouse's usual occupation, and what he/she has done.

(9)     Adult children and their occupation(s).

(10) Have any *prior service on a jury*; when, what court, what type of case and did the matter proceed to deliberation and verdict?

(11) If so, can you disregard what you were instructed about the law in that case and accept and follow only the instructions you receive in this case?

(12) Have you ever been a witness or have you testified in any court or similar proceeding. If so, please describe the case and the nature of the juror's involvement.

(13) Have you ever been a party to a lawsuit whether as a plaintiff, defendant or as a member of any group, partnership or organization, and if so, the particulars of that experience.

(14) Do you belong to any organizations, professional organizations, consumer groups, clubs, if so, describe them, their aims or goals and the level of your activity in the same.

(15) Have you ever challenged or wanted to challenge a law and, if so, tell about that and what was the result?

(16) Have you ever hired an attorney to take action for you or to defend you in any court?

(17) Did you serve in the military, or did your spouse ever serve in the military? If so, what was your rank where did you serve and for how many years did you serve?

(18) Have you ever studied or are you familiar with *Parkinson's disease* (Ms. Pine has had this condition for many years)?

(19) Ever make a claim for personal injuries?

(20) Ever go to court over a claim for personal injuries?

(21) Did anyone ever make a claim against you for personal injuries?

(22) Knowledge or familiarity with the attorneys or their law firms.

(23) Knowledge or familiarity with any prospective witnesses who have been mentioned.

(24) Knowledge or familiarity of the accident?

(25)   Are there any reasons why you could not sit on this jury panel and give a fair, unbiased verdict in this case, whether that reason would be in response to something asked already or due to something not mentioned yet?  [See *Parento v. Palumbo*, 677 F.2d 34 (1st Cir. 1982)].

Counsel also requests that he be allowed to ask prospective jurors their opinions concerning such other topics as may appear to be appropriate as a result of the questioning conducted by the Court and responses received, since the voir dire phase of trial represents the juror's "first introduction to the substantive factual and legal issues in a case" [Gomez v. United States 490 U.S. 858, 874, 104 L.Ed.2d 923, 109 S.Ct. 2237 (1989),] and in particular since voir dire should permit a party to establish a relation, if not a bond of trust with the jurors" [Powers v. Ohio, 499 U.S. 4009 413, 113 L.Ed.2d 411, 427, 111 S.Ct. 1364 (1991)].

Respectfully submitted,
Jean Arruda
By her attorney


*/s/ John B. Reilly*
John B. Reilly (BBO #545576)
John Reilly & Associates
Suite 330 - Summit West
300 Centerville Road
Warwick RI 02886
(401) 739-1800
FAX: (401) 738-0258

## **CERTIFICATION**

It is hereby certified that a copy of the foregoing has also been sent, via first class mail, postage prepaid, to **Christopher Perruzzi, Esq.,** Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, this 16th day of October, 2006

*/s/ John B. Reilly*