**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**BEVERLY PINE**
**and ROBERT PINE,**
       **Plaintiffs**

**v.**                            **C.A. NO. 04-11518  NMG**

**JEAN ARRUDA and HAWTHORNE**
**COUNTRY CLUB, INC.**
       **Defendants**

**DEFENDANT'S MOTION IN LIMINE**
**SEEKING TO STRIKE WITNESSES NEWLY IDENTIFIED BY PLAINTIFFS**

Defendant, Jean Arruda ("Arruda") hereby moves, <u>In Limine</u>, that the following witnesses identified on October 16, 2006, be stricken and excluded from presenting testimony at trial for the reasons provided:

**Orest Zaklynsky, M.D.**:  Plaintiffs have previously identified Dr. Zaklynsky as one of several physicians who treated Mrs. Pine following the accident of July 11, 2001.  Records have been received relating to treatments rendered by Dr. Zaklynsky (and other phsycians) during the period from July 24, 2001 through September 3, 2001.  Nevertheless, plaintiffs' have <u>never</u> <u>disclosed</u> Dr. Zaklynsky as a witness of <u>any</u> type in the action, let alone as an <u>expert</u> witness.

This Court has previously extended the time in which plaintiffs could identify expert witnesses and subsequently admonished plaintiffs for failure to timely comply with the mandates of Rule 26(a)(2).  Plaintiffs eventually identified a neurologist (Thomas Morgan, M.D.) as an expert but have <u>never mentioned</u> Dr. Zaklynsky in this or any other testimonial capacity.

**Doug Turner**:  Mr. Turner was apparently an employee of the Hawthorne Country Club on the date of accident at issue in this case.  He was one of numerous people mentioned during

deposition testimony and the defense has listed both Mr. Turner and William Schuler of the Club

as potential witnesses (essentially of a rebuttal nature).  Nevertheless, the plaintiffs have not

identified Mr. Turner as a percipient or other witness in their interrogatory answers.  A copy of

Beverly Pine's interrogatory answers have been furnished with Defendant's Opposition To

Plaintiffs' Motion In Limine.  Arruda attaches a copy of Mr. Pine's interrogatory answers to this

motion.  His response concerning witnesses (#10) (see exhibit "A").  And although he claims to

have talked to a "greenskeeper" following the accident, Mr. Pine was unable to identify that

person during his deposition (see transcript excerpt pages 118-120 at exhibit "B").

**Peggy Pavone**:  This was the National Grange Mutual Insurance Company claims

representative who had discussions with Attorney Benson and took a recorded statement from

Arruda in the normal course of her duties.  Ms. Pavone was never listed a witness.  A transcript

of the recorded statement was furnished to plaintiff's counsel in accordance with a prior order of

this court and its contents do not seem to have been the subject of any dispute.  The identification

of Ms. Pavone is entirely improper and can only be viewed as an attempt to present the concept

of liability insurance to the jury.

### Argument

Plaintiffs have previously flaunted the discovery rules and procedures of this court and by

the designation of these witnesses apparently propose to do so once again.  If they intended to

call and/or attempt to elicit testimony from any or all such persons they should have followed the

appropriate procedure so as to allow Arruda time for appropriate preparation and discovery.

With trial potentially less than two (2) weeks away they nevertheless blithely and improperly

identify these individuals as their "witnesses" for the first time.

Under the circumstances, the plaintiffs should be barred and prevented from offering any of these witnesses.  Furthermore, they should be prohibited from mentioning "insurance" and/or even alluding to Ms. Pavone and her position as a claims representative of Arruda's insurer.

WHEREFORE, Arruda respectfully requests that the Court grant this motion in every respect.

Defendant,
Jean Arruda
By her attorney,

*/s/ John B. Reilly*_____
John B. Reilly, Esq. BBO#545576
John Reilly & Associates
300 Centerville Road
Summit West - Suite 330
Warwick, Rhode Island 02886
(401) 739-1800
Fax (401) 738-9258

## CERTIFICATION

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Christopher A. Perruzzi, Esq.**, Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, this 17th day of October, 2006.

*/s/ John B. Reilly*