# Exhibit "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
      Plaintiffs

v.                                            C.A. NO. 04-11518 NMG

JEAN ARRUDA and HAWTHORNE
COUNTRY CLUB, INC.
      Defendants

### ANSWER OF PLAINTIFF, ROBERT PINE TO FIRST SET OF INTERROGATORIES OF DEFENDANT, JEAN ARRUDA

Pursuant to United States District Court Local Rule 33.1, Plaintiff, Robert Pine responds as follows to these Interrogatories. Robert Pine expressly reserves his right to supplement these answers.

1.    State your exact and complete name, date of birth, home address, social security number, the date of marriage to your spouse, whether there are any children of the marriage, and, if so, their names, date and places of birth and present addresses, and any other name or alias by which you now or have ever been known.

ANSWER:    Robert Edward Pine; Born October 6, 1946; 25 Reardon Drive, Middletown, RI 02842; Married 22 years to Beverly Pine; no children of this marriage; 38 years with Stop & Shop Super Market, Full-time – Produce Department.

2.    If at any time since the date of the accident which is the subject of the complaint, you have lived separate and apart, been separated, or divorced from your spouse, set forth the date(s) of the same, briefly explain the circumstances and give the name and location of any court before which a petition or complaint was filed by either party in such regard.

ANSWER:    We have never been separated since the day of our wedding.

3.  Describe all photographs, movies, films, videotapes, X-rays, diagrams, maps, charts, parts, debris, graphs, diaries, logs, or other tangible items, objects or exhibits relating in any way to the person, places or things involved in this accident, giving the name and address of each person, firm, or corporation having present custody or control of the same.

ANSWER: Enclosed are pictures of the accident about a week after. Pictures a few months later and pictures at present time.

4.  Please state, with thorough particularity, all facts (not conclusions of law or the opinions of your attorney) upon which you base your claim that you have been and will be deprived of the "comfort" of your spouse as a result of the accident described in your complaint.

ANSWER: We could not really do a lot of things together for over a year after the accident. I feel I lost a lot of comfort. From the time of Beverly's injuries and for a better part of a year, I lost the comfort of my spouse. Of course, during this period of time, my primary concern and worry was for Beverly's return to health, and that is where our focus was and rightfully belonged. Life, however, and its day in, day out issues keep moving on, and for this period of time, I lost the person I always turned to. Whenever I'm wrestling with a tough problem or decision I have to make, Beverly is the person I'm most comfortable talking to. Beverly is my best friend, as well as, my wife and the person I trust the most and discuss my concerns in life with. She was in a great deal of physical and mental pain during this time, and I would have felt nothing but guilt if I spent any time talking about issues of mine with her. Day to day things about my job, family issues, finances, even how worried I was about her, I couldn't and wouldn't discuss them with her. Beverly was already going through enough, and I would not burden her with anything more.

5.  Please state, with thorough particularity, all facts (not conclusions of law or the opinion of your attorney) upon which you base your claim that you have been and will be deprived of the "care" of your spouse as a result of the accident described in your complaint.

2

ANSWER: I guess one could say my wife could not care for me in her condition after the incident for over a year. Beverly and I know each other very well. We know each other's likes and dislikes, each other's particular interests in life, each other's special days and concerns, each other's meals and relatives. We know this about each other because we care for each other a great deal. It goes without saying that during Beverly's convalescence period I could not ask her to be concerned with or pay any particular attention to me, and my wants and cares. This would have been selfish, as she was dealing with so much pain physically and mentally. During this period of time, I lost the person who looked out the most for me, the person who cooked my favorite dishes, made sure my special times were marked, the person who provided special attention and loving concern for me.

6. Please state, with thorough particularity, all facts (not conclusions of law or the opinion of your attorney) upon which you base your claim that you have been and will be deprived of the "services" of your spouse as a result of the accident described in your complaint.

ANSWER: From the time of Beverly's accident and over a year afterward, she was dealing with a tremendous amount of pain and suffering. She was in such pain that even washing and getting dressed was something she needed help with. Her pain was so great during this time that all the basic things which go into taking care of a house and making it a home were extremely difficult tasks for her, and in fact, she could not really carry them out. We could not afford to employ a maid service, so essentially, I had to take over the day to day tasks of running our household. For this period of time, in addition to holding down my full-time job at Stop & Shop, I had to find the time to take over the cooking, housecleaning chores, grocery shopping, doing the laundry, and many other things that came up. I had to do these things, so Beverly would not try to do them herself. She had to stay focused on getting her health back.

7. Please state, with thorough particularity, all facts (not conclusions of law or the opinion of your attorney) upon which you base your claim that you have been and will be deprived of the "companionship" of your spouse as a result of the accident described in your complaint.

3