UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
       Plaintiffs

v.                                        C.A. NO. 04-11518 NMG

JEAN ARRUDA,
       Defendants

## DEFENDANT'S FIRST REQUEST FOR JURY INSTRUCTIONS

### Introduction

Defendant, Jean Arruda ("Arruda") respectfully requests that the Court embody the accompanying proposed instructions in its charge to the jury in this action.

Naturally, Arruda also requests standard instructions on the reception of evidence; conduct and arguments of counsel; how to assess the credibility of witnesses; direct and circumstantial evidence/inferences; burden of proof; expert witnesses and opinions; weighing conflicting testimony between both expert and other witnesses; proximate causation; comparative negligence; the requirement to avoid using bias, prejudice or sympathy in deliberations; the duty to deliberate without making independent investigation; the need for a unanimous verdict; and such other matters as may be required under the circumstances.

**INDEX**

1. **DEFINITION--DEPOSITION**
2. **IMPEACHMENT--INCONSISTENT STATEMENTS**
3. **CAUTIONARY--WEIGHT OF EVIDENCE**
4. **CAUTIONARY--"IF YOU FIND"**
5. **NEGLIGENCE--DUTY OF CARE (Reasonable Person Standard)**
6. **NEGLIGENCE--FORSEEABILITY**
7. **MERE HAPPENING OF ACCIDENT NOT PROOF OF NEGLIGENCE**
8. **DAMAGES--IMPAIRMENT OF EARNING CAPACITY**
9. **DAMAGES--MEDICAL EXPENSES**
10. **EXPERT WITNESSES**
11. **STATEMENTS MADE TO A PHYSICIAN**
12. **CONSORTIUM CLAIM(S)**
13. **FINDING OF NO NEGLIGENCE**

- 3 -

**1.    DEFINITION - DEPOSITION**

You have heard reference to the "deposition" of a party or person. As it applies in this case, the term "deposition" means sworn testimony, under oath, given by a witness before this trial began. To the extent that you have heard reference to and quotations from such "deposition testimony", you may consider it in the same way as if it had been given here in Court and thus give it the same credibility or weight, if any, as you may think it deserves.

- 4 -

## 2.     IMPEACHMENT - INCONSISTENT STATEMENTS

A witness may be discredited or "impeached" by contradictory evidence that at some other time the witness has said or done something or has failed to do something which is inconsistent with the witness's present testimony. If you believe that any witness has been so discredited, then it is your right to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

- 5 -

    **3.**    **CAUTIONARY - WEIGHT OF EVIDENCE**

If, as a result of your deliberations, you find that the evidence on the issue of liability weighs more on the side of the defendants, then your verdict must be for the defendants.

If you find that the evidence is so equally matched or equally balanced that you cannot say whether it weighs in favor of the plaintiffs or the defendants, then the plaintiffs have failed to meet the burden of proof imposed upon them by law, and your verdict must be for the defendants.

If you find, however, after deliberation, that the evidence on the issue of liability weighs more on the side of the plaintiffs, then the plaintiffs have sustained the burden of proving their case by a preponderance of the evidence and your verdict must be for the plaintiffs.

### 4. CAUTIONARY - "IF YOU FIND"

When I say that a party has the burden of proof on any proposition in this case, or if I use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all of the evidence in the case, that the proposition at issue has been proved to be more probably true than not.

- 7 -

### 5.     NEGLIGENCE--DUTY OF CARE (Reasonable Person Standard)

Negligence is the failure to use that degree of care which a reasonably prudent person would use under the circumstances, either by doing something that a reasonably prudent person would not do, or by failing to do something a reasonably prudent person would do under similar circumstances.  Massachusetts Lobsterman's Assoc., Inc. v. United States, 554 F. Supp. 740, 742 (D. Mass 1982).

Before one can be negligent, however, one must owe a duty of reasonable care to another person.  Morgan v. Lalumiere, 22 Mass. App. Ct. 262, 267, 493 N.E.2d 206, 210, review denied, 398 Mass. 1103, 497 N.E.2d 1096 (1986).

- 8 -

**6.     NEGLIGENCE--FORESEEABILITY**

A person's "duty of care" for the safety of others is not without limits. It extends only to that harm which is "reasonably foreseeable".

A person is liable only for those injuries that are a reasonably foreseeable consequence of their negligence. <u>Jorgensen v. Massachusetts Port Authority</u>, 905 F.2d 515 (1st Cir. 1990). The term "foreseeable" means a probable and predictable consequence of the person's negligent acts or omissions. <u>Kline v. 1500 Massachusetts Ave. Apartment Corp.</u>, 439 F.2d 477, 483 (D.C. Cir. 1970). To be found negligent, a person must reasonably foresee that his or her action or inaction may result in an injury. <u>Restatement Second of Torts</u>, Section 435 cmt. a & b (1965).

- 9 -

**7.** **MERE HAPPENING OF ACCIDENT NOT PROOF OF NEGLIGENCE**

The mere fact that an accident happened is not proof that it was caused by the negligence of another person or party.  Rizzittelli v. Vestine, 246 Mass. 391, 392, 141 N.E.2d 110, 110 (1923).

## 8. DAMAGES--IMPAIRMENT OF EARNING CAPACITY

You may consider evidence of what type of work Mrs. Pine did until the accident and what her training and experience had been in order to determine her earning capacity, but you may <u>not</u> take into account anything that was merely possible, speculative or imaginative. <u>Bagley v. Kimball</u>, 268 Mass. 440, 442 167 N.E.2d 661, 662 (1929).

Mrs. Pine's own opinion as to the amount of loss is <u>not</u> sufficient. She must establish any claim of impairment of his earning capacity with sufficient independent evidence. <u>Williamson v. Feinstein</u>, 311 Mass. 322, 324, 41 N.E.2d 185,186 (1942).

### 9.     DAMAGES--MEDICAL EXPENSES

To be awarded medical expenses, Mrs. Pine must prove: that the services of each physician, or other health care provider she consulted, were necessary; that the charges were reasonable; and that the medical expenses were causally related to the injuries sustained in the accident.  Phelps v. MacIntyre, 397 Mass. 459, 464, 491 N.E.2d 1067, 1070 (1986)

- 12 -

**10.**     **EXPERT WITNESSES**

An expert's opinions and/or conclusions are not binding on you, the Jury. You can decline to adopt any one or all of the expert's conclusions. Dodge v. Sawyer, 288 Mass. 402, 408, 193 N.E. 15, 18-19 (1934).

As with all witnesses, you may give the testimony of any expert witness such weight, if any, that you feel it deserves.

**11.     STATEMENTS MADE TO A PHYSICIAN**

You have heard that Mrs. Pine and/or Mrs. Arruda made statements to their physicians or other health care providers for the purpose of diagnosis or treatment. You may not consider those statements as evidence of the truth of the facts stated; you may consider them only to show the information upon which the physicians or other providers based their diagnosis and treatment. You may, however, consider the patient's state of mind, emotion, or physical sensation [and any statements made by the patient which constituted an admission of fact adverse to her interest] as evidence of the truth of the matter so stated. Johnson v. Aetna Life Insurance Company, 221 Cal. App.2d 247 (1963).

**12.     CONSORTIUM CLAIM(S)**

The word "Consortium" merely means a right, which grows out of a marital relationship between husband and wife. It is a right to enjoy the love, services, companionship, affection and sexual relations as a part of a marriage relationship. Feltch v. General Rental Co., 383 Mass. 603, 607 – 609, 431 N.E.2d 67, 70-71 (1981).

Only Mr. Pine may present a claim for "loss of consortium" in this case. Any losses which his wife may be entitled to recover, such as medical bills or hospital bills, may not be considered in his loss of consortium claim. Also, you are not to compensate for any financial losses of her husband, which may be included in his loss of earning capacity, if any. Morgan v. Lalumiere, 22 Mass. App. Ct. 262, 271, 493 N.E.2d 206, 212, review denied, 398 Mass. 1103, 497 N.E.2d 1096 (1986).

You must determine whether a loss of consortium actually occurred. To make that determination, you may consider: loss of companionship and society; loss of comfort, solace, and moral support; and any restrictions on social or recreational life. Rogers v. Boynton, 315 Mass. 279, 281, 52 N.E.2d 576 577 (1943).

Any recovery for loss of consortium first requires proof that the defendant was negligent, next, that her negligence caused injury to Mrs. Pine and third, that Mrs. Pine's injuries, in turn, caused a loss of consortium to Mr. Pine. Feltch v. General Rental Co.v. 383 Mass. 607-609. Therefore, if you find that there is no tortious act (that is, if the defendant was not negligent in the first instance) or if Mrs. Pine's injuries did not cause any consortium losses for Mr. Pine, then Mr. Pine cannot recover for loss of consortium.

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience and conscience.

There is no special formula or rule to measure a fair amount for loss of consortium. You must not, however, allow any overlapping of damages with those belonging to the plaintiff; each is only entitled to damages they have proven for their individual claims. <u>Morgan v. Lalumiere</u>, 22 Mass.App.Ct. 262, 271, 493 N.E.2d 206, 212, review denied, 398 Mass. 1103, 497 N.E.2d 1096 (1986).

**13.     FINDING OF NO NEGLIGENCE**

Even though you, the Jury, are provided with forms, which may be filled in to indicate findings as to the percentage of negligence attributable to the plaintiffs and the defendant, this does not mean that you must find negligence on the part of anyone.  You may find that no party was guilty of negligence in the circumstances of this case.

Defendant reserves the right to supplement these requests.

          Defendant,
          Jean Arruda
          By her attorney,


          /s/ John B. Reilly
          John B. Reilly, Esq. BBO#545576
          John Reilly & Associates
          300 Centerville Road
          Summit West - Suite 330
          Warwick, Rhode Island 02886
          (401) 739-1800
          Fax (401) 738-0258


**CERTIFICATION**

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Christopher A. Perruzzi, Esq.**, Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, this 23rd day of October, 2006.

          /s/ John B. Reilly