UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BEVERLY PINE and )
ROBERT PINE, )
 )
    Plaintiffs )
 )
v. ) C.A. NO. 04-11518 NMG
 )
JEAN ARRUDA )
 )
    Defendants )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO STRIKE WITNESSES**

Plaintiffs, Beverly Pine and Robert Pine, by and through counsel respond in opposition to Defendant's Motion in Limine. Plaintiffs respectfully request that their identified witnesses be allowed to present testimony at Trial to the Jury.

**I. Orest Zaklynsky, M.D.** was identified as Plaintiff, Beverly Pine's, "attending physician" during the Beverly Pine deposition, taken on June 6, 2005. See Exhibit A, the portion of the transcript attached hereto.

Dr. Zaklynsky was further identified in the Plaintiff's Trial Expert Disclosure as a record of medical treatment that Thomas Morgan, M.D. would rely on, or reference, as a basis for his testimony.

Earlier Plaintiffs identified Dr. Zaklynsky as a treating physician, pursuant to their Rule 26(a)(1) disclosure, dated December 14, 2004, attached hereto as Exhibit B.

Defendant, Arruda's, averment that they have had an insufficient time to appropriately prepare for the medical records and treatment provided by Dr.

Zaklynsky is clearly disingenuous. Defendant has been aware of Dr. Zaklynsky's role in treating Mrs. Pine, via the disclosure of Dr. Zaklynsky's specific treatment records and notes, since January of 2005, when Plaintiffs responded to the initial Request for Production of Documents Propounded by Defendant, Jean Arruda.

Similarly, the exact chronology and scope of Dr. Zaklynsky's treatment is included in the narrative response to Interrogatories propounded by the Defendant, dated January 17, 2005. These responses also provide a detailed list of each physician, including Dr. Zaklynsky's medical reports and bills.

**II.   Peggy Pavone:** Peggy Pavone's role in the instant matter is accurately described in Defendant's Motion in Limine, page 2 of 3. She was, in fact, the claims representative who handled the matter prior to litigation. Furthermore a transcript of the recorded statement of the Defendant, Jean Arruda, has been provided to Plaintiff's counsel in accordance with a prior Order of this Court to compel said production. The precise contents of said disclosure requires that the jurors be presented with the best evidence of Ms. Arruda's statement. Only a transcript of the recorded statement was provided. Portions of that transcript have been redacted. See Transcript January 10, 2002, attached hereto as Exhibit C. The only way this Court will be able to know exactly what Defendant, Jean Arruda, said during the recorded statement is to have the actual recorded statement produced as an exhibit. The only person who can authenticate the recorded statement is Peggy Pavone.

**III.  Doug Turner:** Doug Turner was, according to the testimony of Jean Arruda, the "Director of Golf" at Hawthorne Country Club. He was present that day and took the player's scorecards. See deposition transcript of Jean Arruda, page 60 attached hereto as Exhibit D. Furthermore, Doug Turner and Ms. Arruda had conversations about the condition of the cart after the incident. See Exhibit D, deposition transcript at page 154.

Clearly, Doug Turner was more than "an employee" of Hawthorne Country Club. Insofar as he is already listed as a witness by the Defendant, your Plaintiff's respectfully suggest that he is absolutely an appropriate witness for consideration at Trial.

Plaintiffs intentionally seek to abide by the discovery rules and procedures of this Court. After a review of the Federal Rules of Civil Procedure, Local Rule 43.1(B), and the Pre-Trial Order of this Court, Plaintiffs provided the Pre-Trial disclosures of their anticipated witnesses.

For all of the above-reasons, your Plaintiffs respectfully request that this Honorable Court Order that Ms. Pavone be present at Trial to testify and provide the Court with the original tape recording of the statement at the time of Trial. To prevent any risk prejudice or bias in the Trial proceedings, Plaintiffs will stipulate that all parties are prohibited from mentioning "insurance" or to alluding to Ms. Pavone's position as a claims representative of any insurance company.

The Plaintiffs,
Beverly Pine and Robert Pine,
By their Attorneys,


/s/_____
Karen Augeri Benson, Esquire
Law Office of Alan A. Amaral
251 Bank Street
Fall River, MA 02720
Tel: (508) 676-0011
BBO #628469



/s/_____
Christopher A. Perruzzi,
Attorney for the Plaintiff
Coletti, Murray, Perruzzi, & O'Connor, LLC
1495 Hancock Street, Quincy, MA 02169
Tel: (617) 657-0575
BBO #558273


Dated: October __23__, 2006

## CERTIFICATION

I, Karen Augeri Benson, Esquire, hereby certify that on the ___23RD___ day of October, 2006, I served the foregoing Plaintiff, Beverly Pine's, Objection to Defendant's Motion in Limine, by mailing/hand delivering/faxing a true and complete copy of same, to:

John Reilly, Esquire
JOHN REILLY & ASSOCIATES
Summit West – Suite 330
300 Centerville Road
Warwick, RI 02886

/s/_____
Karen Augeri Benson