UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
    Plaintiffs

v.                                    C.A. NO. 04-11518 NMG

JEAN ARRUDA
    Defendants

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**APPLICABLE LAW**

1. A federal court must apply the law of the forum state when deciding questions of contributory negligence.

Sampson v. Channell, 110 F. 2d 754 (1940).

**BURDEN OF PROOF**

2. The burden of the plaintiff in a civil action, such as this, is to prove the elements of their claims by what is termed a "preponderance of the evidence."

To establish something by a "preponderance of the evidence" means to prove to the jury's satisfaction that something is more likely so than not so. It is as though there are evenly balanced scales such that, if the plaintiff can tip the scales even slightly in their favor, then the plaintiffs will prevail.

Anything is sufficiently established if the evidence before you satisfies you that it is even only slightly more likely than not, and even though there may be doubts still lingering in your minds.

Zezuski vs. Jenny Mfg. Co., 363 Mass. 324, 293 N.E. 2d 875 (1973).

Sargent vs. Massachusetts Accident Co., 307 Mass. 246, 250, 81 N.E. 825 (1940).

It is only necessary for the plaintiff to prove that the defendant took a risk with respect to the plaintiff's safety that a person of ordinary prudence would not have taken, and that the plaintiff suffered a resulting injury that was within the foreseeable risk.

Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App.Ct. 813, 818, 390 N.E.2d 1133 (1979), citing Carey [385 Mass. 331]

## **NEGLIGENCE**

3. In a negligence action such as this, a defendant is deemed to have breached a duty of care owed when the defendant fails, either by omission or action, to exercise that degree of care, vigilance, and forethought which, in the discharge of duty then resting upon the defendant, a reasonable and prudent person would have exercised under the circumstances.
Carroll vs. Bouley, 338 Mass. 625, 156 N.E. 2d 687 (1959).

A motorist owes a duty of reasonable care to her passengers.
Kolofsky v. Heath, 370 Mass. 856, 346 N.E.2d 863 (1976).

. Negligence is a failure of a responsible person of ordinary caution and prudence to exercise due care under the particular circumstances. The standard is frequently expressed in terms of "reasonable care".
Massachusetts Lobstermen's Assoc., Inc. v. United States, 554 F.Supp. 740, 742 (D.Mass. 1982).

## CAUSATION

4. A defendant in a negligence action, such as this, is liable for the injuries which occurred if the defendant was negligent and the defendant's negligence proximately caused the plaintiff's injuries. A defendant's negligence may be deemed to be the proximate cause or contributing cause of the plaintiff's injuries, even though the defendant could not have foreseen the exact train of events by which the accident was produced.

Hill vs. Windsor, 118 Mass. 251 (1975).

Leveile vs. Wright, 300 Mass. 382, 15 N.E. 2d 457 (1938).

Guinan vs. Famous Players-Lasky Corp., 267 Mass. 501, 167 N.E. 235 (1929).

There can be two or more contributing causes of an accident. Where two causes combine to produce injury, a defendant is not relieved of liability because it is responsible for only one of such contributing causes. It is enough for the Plaintiff to prove that the Defendant's negligence was a substantial contributing factor in causing the injury.

Miller vs. Boston & Northern St. Rv. Co., 197 Mass. 535, 83 N.E. 990 (1908).

Horne vs. Meakin, 115 Mass. 326, 329, 331 (1874).

O'Connor v. Raymark Indus., Inc., 401 Mass. 586, 591-92, 518 N.E.2d 510, 512-13 (1988).

## EXPERT TESTIMONY

5. During the course of this trial you have heard opinion testimony from expert witnesses on both the negligence and damages elements of plaintiff's case. You are to determine the expertise of any witnesses who testified and give the opinion testimony of that witness such weight as you deem appropriate in your determination of the facts of this case. In determining

3

the weight you afford an expert opinion you may consider his qualifications, training and experience in a particular field of specialty about which he testified.

Com. vs. Dockham, 405 Mass. 618, 629 (1989).

Com. vs. Lunde, 390 Mass. 42, 47 (1983).

Boyle vs. Prudential Life Insur. Co., 359 Mass. 191, 195 (1975).

## DAMAGES

6.. The plaintiff is entitled to receive compensation for her past and future medical expenses, their past and future lost earning capacity and her past and future physical pain and mental suffering. Most of these elements of damages are not capable of mathematical computation. They can be determined only by the sound judgment and conscience of the jury by which they are assessed. These damages are to be determined as of the day of the trial. You may include in your award at this time what you feel the plaintiffs are entitled to the future medical expenses, future mental and physical pain and suffering, for mental anguish due to the nature of their injuries, and for future impaired earning capacity. This is because she is entitled to only one recovery for injuries, which you are to make at this time. She cannot come back years or even months from now and sue for additional money for problems or losses which may develop in the future. You must therefore include in your award, any money you feel she will be entitled to in the future for injury, expense, pain or suffering.

Harlow vs. Chin, 405 Mass. 697, 701 (1989).

Lewis vs. Springfield, 261 Mass. 183 (1927).

The plaintiff is entitled to recover fair compensation for any physical pain or mental suffering that she has undergone in the past or are likely to experience in the future as a result of her injuries. Mental suffering includes any and all their first shock, anxiety, embarrassment or mental anguish resulting from the plaintiff injuries. You may consider the extent to which the plaintiff injuries have caused her a loss of pleasures which she otherwise probably would have had in the form of work, play or other pursuits in life. The plaintiff is entitled to full compensation for any reduction in enjoyment of life which you conclude has resulted or probably will result from her injuries. You must use your good sense, background and experience in determining what would be a fair and reasonable figure to compensate the plaintiff for her past and future physical pain and mental suffering.

Cuddy vs. L & M Equipment Company, 352 Mass. 458, 462 (1967).

Cochran vs. Boston, 211 Mass. 171, 172-173 (1912).

The plaintiff is entitled to recover fair compensation for any lost earning capacity which she suffers as a result of their injuries. Lost earning capacity does not mean lost wages. Each of us whether we are employed, whether we are retired or whether we have never worked in our lives has the ability to earn money, which is called earning capacity. The ability or capacity to earn money varies from individual to individual depending upon a number of factors. Such factors may include evidence of occupation, education, experience, training, health, habits, talents, and intelligence in industry. Evidence of wages paid before and/or after the injury is also a factor you may consider in your determination of any lost earning capacity. An assessment of damages for impairment of earning capacity rests largely upon the common knowledge of you the jurors based upon the evidence that has been presented to you. You must fairly and

5

reasonably compensate the plaintiff for any lost earning capacity which you find that she has suffered or will suffer in the future as a result of her injuries.

Doherty vs. Ruiz, 302 Mass. 145, 146-147 (1939).

The plaintiff is entitled to recover the fair and reasonable value of the medical expenses she has incurred as a result of her injuries of together with a fair and reasonable value of any medical expenses she is reasonably likely to incur in the future as a result of her injuries. The plaintiff is entitled to compensation for such medical expenses whether she has paid them or not.

You may consider the opinion of any expert who testified in determining the fair value of the plaintiff's necessary past and future medical expenses. You may also consider the certified medical bills and records offered by the plaintiff in determining proper compensation for these amounts.

Rodgers vs. Boynton, 315 Mass. 279, 280 (1943).

Arwshan vs. Meshaka, 288 Mass. 31, 34 (1934).

Thibeault vs. Poole, 283 Mass. 480, 484 (1933).


Itemized bills, hospital medical records and doctors reports relating to medical and hospital services rendered to the plaintiff, subscribed and sworn to under the pains and penalties of perjury by the physicians or authorized agents of the hospital rendering such services has been admitted into evidence. You may consider such bills, records and reports as evidence of the opinion diagnoses of the physicians, as to any disability or incapacity which are the proximate result of the conditions so diagnosed and as evidence of the fair and reasonable charges for such treatment.

G. L. c. 233 §79G.

When considering what the plaintiff must show in order to be awarded full, fair and reasonable damages, recovery will not be barred because there may be an element of uncertainty in plaintiff's proof of aspects of certain of the damages. Under Massachusetts's law, much can and must be left to the judgment and estimate of the trier of fact, sometimes upon meager evidence. It is sufficient if the extent of the damages is shown by just and reasonable inference, even if the result is approximate. The defendant is not entitled to complain that the damages for which she alone is responsible cannot be measured with precision. Parties should not profit by and speculate on their own wrongs.

<u>White vs. Universal Underwriters Ins. Co.</u>, 347 Mass. 367 (1984).

<u>Sorenson vs. Evans</u>, 28 Mass. App. Dec. 81 (1963).

<u>Agoos Leather Co. vs. American & Foreign Ins. Co.</u>, 342 Mass. 603 (1962).

        The Plaintiffs,
        Beverly Pine and Robert Pine,
        By their Attorneys,

        /s/_____
        Karen Augeri Benson, Esquire
        Law Office of Alan A. Amaral
        251 Bank Street
        Fall River, MA 02720
        Tel: (508) 676-0011
        BBO #628469

        /s/_____
        Christopher A. Perruzzi,
        Attorney for the Plaintiff
        Coletti, Murray, Perruzzi, & O'Connor, LLC
        1495 Hancock Street, Quincy, MA 02169
        Tel: (617) 657-0575
        BBO #558273