UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
        Plaintiffs

v.                                C.A. NO. 04-11518 NMG

JEAN ARRUDA and HAWTHORNE
COUNTRY CLUB, INC.
        Defendants

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO HER MOTION IN LIMINE TO STRIKE WITNESSES

Defendant, Jean Arruda ("Arruda") hereby responds to the opposition of plaintiffs to her Motion in Limine to Strike Witnesses filed on or about October 23, 2006. Responding, seriatim:

I.    **Orest Zaklynsky, M.D.:**  By order of this Court dated December 22, 2005 (Document #31), plaintiffs were ordered to "make full and complete expert disclosures in accordance with Fed. R. Civ. P. 26 within the (then newly established) time limits in default of which they will be precluded from offering expert testimony." Plaintiffs having failed to do so, a further motion was filed to strike their incomplete disclosures (Document #32). An electronic Order entered, denying (32) that Motion to Strike, but allowed the defendant to take the deposition of plaintiffs' expert on or before June 5, 2006." Once again, the plaintiffs were warned that any "further non-compliance with this Court's orders by plaintiffs will result in the imposition of sanction."

Dr. Zaklynsky was indeed listed among the numerous attending physicians and healthcare provides who have followed Ms. Pine since her accident. Plaintiffs did not, however, furnish expert disclosures concerning Dr. Zaklynsky pursuant to Rule 26, the order of December 20, 2005 and/or the further order of June 5, 2006.

Failure to properly designate and identify a proposed testifying expert witness provides abundant grounds for his or her exclusion. The late proffer of Dr. Zaklynsky (without the required disclosures) allows the defense no opportunity to properly prepare, depose, and/or assess whatever opinion Dr. Zaklynsky may be called upon to offer. Clearly, this is a little more than an "ambush" attempt on the part of the plaintiffs and Dr. Zaklynsky's testimony should not be allowed.

II.     **Peggy Pavone:**  The transcript of a recorded interview between Ms. Arruda and Mr. Pavone was furnished to the plaintiffs on December 23, 2005. At that time, it was explained that only the following items were being redacted (due to privacy concerns): her home telephone, business, telephone and social security number. Nothing else was redacted. The plaintiffs did not request a copy of the tape recording from which the transcript was prepared.

Without having ever questioned the authenticity of the transcript during the past ten (10) months, plaintiffs now baldy assert that the "only person who can authenticate the recorded statement is Peggy Pavone." That, of course, is incorrect as the tape itself would be the best evidence of its contents. Furthermore, plaintiffs have now served a subpoena upon Ms. Pavone (copy at Exhibit "A") in which she is commanded to not only appear, but to **"bring with you any and all tangible objects, records, reports, or other documents which may in any manner or form pertain to, or be evidence in the above-mentioned matter or any the aforementioned parties"** (*sic*).

It is clear from the foregoing that the listing of Ms. Pavone as a witness is improper and nothing more than an attempt to conduct further discovery, many months after the time to do so expired. Defendant will also file a motion to quash such "subpoena" and incorporate, by

2

reference, the arguments in that pleading in further support of the request that this witness be stricken from plaintiffs' witness list.

III.   **Douglas Turner:**  As previously discussed, Mr. Turner has not previously been listed as a witness by the plaintiffs. Plaintiffs offer no explanation of why they never seem to have interviewed and/or deposed Mr. Turner while discovery in this matter was available to them.

Accordingly, defendant restates her previous motion and respectfully requests that all three (3) witnesses be stricken and prohibited from testifying on behalf of the plaintiffs in this action.

>                       Defendant,
>                       Jean Arruda
>                       By her attorney,
>
>                        /s/ John B. Reilly
>                       John B. Reilly, Esq. BBO#545576
>                       John Reilly & Associates
>                       300 Centerville Road
>                       Summit West - Suite 330
>                       Warwick, Rhode Island 02886
>                       (401) 739-1800
>                       Fax (401) 738-9258

## **CERTIFICATION**

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Christopher A. Perruzzi, Esq.**, Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, this  25th  day of October, 2006.

>                        /s/ John B.Reilly