UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY PINE
and ROBERT PINE,
        Plaintiffs

v.                                              C.A. NO. 04-11518  NMG

JEAN ARRUDA and HAWTHORNE
COUNTRY CLUB, INC.
        Defendants

### MEMORANDUM OF DEFENDANT, JEAN ARRUDA, SUPPORTING HER MOTION TO QUASH SUBPOENA SERVED UPON PEGGY PAVONE

      Defendant, Jean Arruda (hereinafter, "Arruda") has moved to quash a subpoena to Peggy Pavone (hereinafter "Pavone") of the National Grange Mutual Insurance Company (hereinafter "NGM") that has been served upon her by the plaintiffs.  She offers this memorandum in support of her position.

### Argument

      As noted in a previous motion in limine, Pavone is a claims representative from Arruda's homeowner's insurance company (NGM).  Ms. Pavone took a recorded statement from Arruda and a transcript of that tape-recording was furnished to the plaintiffs in December, 2005.  At no point thereafter have the plaintiffs identified Pavone as a potential witness.

      In response to Arruda's motion in limine, plaintiffs have argued that the reason that they have listed Pavone as a trial witness is that she is allegedly the "only person" who can "authenticate" the recorded statement.  They have also served a purported subpoena upon Pavone, a copy of which appears at Exhibit "A".  The purported subpoena seeks to direct Pavone to appear in this court and to bring with her "any and all tangible objects, records, reports, or other documents which may in any manner or form pertain to, or be evidence in the above-mentioned matter or any (sic) the aforementioned parties."

      Rule 45 of the Federal Rules of Civil Procedure ("F.R.C.P.") provides in subpart (a)(3) that the subpoenas of this court may be signed by an attorney "as officer of the court".  Here, Attorney Benson apparently has signed the purported subpoena as a "Notary Public".

      Rule 45(a)(1)(D) provides that subpoenas issued from this court shall "set forth the text of subdivisions (c) and (d) of this rule".  Those sections provide information concerning the Protection of Persons Subject to Subpoenas and a person's Duties in Responding to a Subpoena. The purported subpoena served upon Ms. Pavone does not comply with that mandate.

Rule 45(c)(3)(A)(iii) indicates that on timely motion, this court may quash a subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies.

Rule 45(c)(3)(A)(iv) also allows this court to quash a subpoena if it subjects a person to undue burden.  Undue burden can result from the failure to allow a reasonable time for compliance as provided in subpart (i) of the same section.

If (despite its failure to comply procedurally with Rule 45), this is indeed an effective subpoena, it should be quashed under the preceding guidelines and on the basis that Ms. Pavone was never listed or sought as a witness during the discovery phase of this litigation.  Ms. Pavone was served this paper on Wednesday, October 25, 2006 and is commanded to appear before this court on Tuesday, October 31, 2006 (the second day of trial).  This means that she would have approximately three (3) full business days in which to determine what "may in any manner or form, pertain to or be evidence in" this case.  This limited time frame is unreasonable.

Furthermore (and as noted above), Ms. Pavone is a claims representative of the insurance company (NGM) that affords homeowner's insurance coverage for Ms. Arruda for the claims being made by the plaintiffs.  As such, defendant asserts that the work product and attorney-client privileges are applicable to most (if not all) of the items described in the subpoena.[1]

Plaintiffs have made absolutely no showing or demonstration that Ms. Pavone is truly needed as a witness in this case nor that she somehow has "tangible objects" or other records that should be "evidence in this case".  This is nothing more than a last moment "fishing expedition" that is entirely inappropriate.  Accordingly, the subpoena should be quashed forthwith.

                                                Defendant,
                                                Jean Arruda
                                                By her attorney,

*/s/ John B. Reilly*
John B. Reilly, Esq. BBO#545576
John Reilly & Associates
300 Centerville Road
Summit West - Suite 330
Warwick, Rhode Island 02886
(401) 739-1800
Fax (401) 738-9258

---

[1] Arruda's undersigned attorney has requested and received what appears to be original taped recording from which the transcript of Arruda's statement was prepared.  He has requested that this be copied so that it will be available for review by plaintiffs' counsel.  This must be sent to an outside vendor for duplication but should be available and furnished by Monday morning, October 30, 2006.  If the court allows the tape recording to be played and used in association with the aforementioned transcript, defendant will request that her privacy rights be respected concerning redacted information, that any reference to insurance not be played and that an appropriate instruction concerning the use of taped recordings and transcripts be given the jury both at the time the tape may be played and in its general instructions to the jury.

## **CERTIFICATION**

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **Christopher A. Perruzzi, Esq.**, Coletti, Murray, Perruzzi & O'Connor, LLC, 1495 Hancock Street, Suite 302, Quincy, Massachusetts 02169, this 26th day of October, 2006.

*/s/ John B. Reilly*